239 So.2d 619 (1970)
Bernard R. WAGNER, Appellant,
v.
Caesar BONUCELLI, Appellee.
No. 70-277.
District Court of Appeal of Florida, Fourth District.
September 30, 1970.
Max P. Engel of Law Offices of Engel & Halpern, Miami, for appellant.
Stanford Abram of Abram & Abram, Hollywood, for appellee.
WALDEN, Judge.
This was a suit upon a demand note by the payee against the maker brought more than three years following its execution. Summary final judgment was entered in favor of plaintiff. Defendant appeals. We reverse because there are genuine issues as to material facts which preclude entry of judgment as a matter of law. F.R.C.P. 1.510(c), 31 F.S.A.; Holl v. Talcott, Fla. 1966, 191 So.2d 40.
The complaint was barebones and adequate in setting forth the execution, delivery, demand and non-payment of the note. The answer denied all allegations. It also contained an affirmative defense. While perhaps not classic in form, it reflected that the payee was the maker's foster father and that the note was executed without consideration. It further denied demand and claimed waiver, release and estoppel.
At summary judgment hearing, the plaintiff's affidavit exactly tracked the complaint. The defendant's affidavit reflected that the note was to be repaid only if a certain business venture succeeded, which venture failed. Defendant's deposition in substance stated that he borrowed a sum of money from his mother and foster father for a business venture. The venture failed. Defendant's mother and foster father agreed to forget and forgive the debt. Much later, the foster father asked defendant to sign the instant note so that the plaintiff could write the non-payment off as a tax loss. Thus, the note was executed. No demand was ever made until the filing of the instant case, this being shortly after the plaintiff's divorce from defendant's mother.
The parties raise one point on appeal, namely:
"Whether the court erred in not considering extrinsic evidence as it is admissible to show a subsequent oral agreement *620 for the discharge of a prior, simple, written contract and, if the oral agreement has been executed so as to establish an estoppel?"
We believe that the situation presented is much broader and more basic. Simply it is our opinion that, as between the original maker and original payee there can be evidence produced outside the four corners of the instrument which should be considered in support of the defenses of lack of consideration, release, waiver and estoppel. Mullan v. Bank of Pasco County, 1931, 101 Fla. 1097, 133 So. 323; Gilman v. Butzloff et al., 1945, 155 Fla. 888, 22 So.2d 263; Jackson v. Parker, 1943, 153 Fla. 622, 15 So.2d 451.
We are, of course, required to review all of the facts and inferences in the light most favorable to the appellants where summary judgment has been entered against them. Beebe v. Kaplan, Fla.App. 1965, 177 So.2d 869. Also see Holl v. Talcott, supra.
In summary, we hold from the foregoing outline of the factual situation and the pleadings that there were disputes as concerns the existence of defendant's affirmative defenses sufficient to preclude entry of summary judgment.
Reversed and remanded.
CROSS, C.J., and OWEN, J., concur.