260 So.2d 221 (1972)
OWENS-ILLINOIS, INC., Appellant,
v.
Marion G. LEWIS and James Lewis, Her Husband, Appellees.
No. P-432.
District Court of Appeal of Florida, First District.
March 28, 1972.
Rehearing Denied April 21, 1972.
*222 Donald H. Partington, of Harrell, Wiltshire, Bozeman, Clark & Stone, Pensacola, for appellant.
Roderic G. Magie, of Levin, Warfield, Graff, Mabie & Rosenbloum, Pensacola, for appellees.
WIGGINTON, Judge.
Defendant, Owens-Illinois, Inc., has appealed a final judgment against it based upon a jury verdict awarding damages to plaintiffs, Marion Lewis and James Lewis. The cause of action sued upon is premised upon the allegation that defendant carelessly and negligently manufactured a bottle intended for use in bottling and distributing carbonated beverages, which negligence proximately caused the bottle to explode resulting in injuries to plaintiffs.
During the discovery stages of the case plaintiffs propounded to defendant a series of 44 interrogatories, the last four of which required defendant to state the name and address of each person who had made a claim against it as the result of the explosion of a bottle manufactured by it at any time within five years prior to the date of the explosion which injured plaintiffs, together with full information on each cause of action which may have been filed against defendant during the five-year period seeking damages for personal *223 injuries resulting from alleged defects in bottles manufactured by it. In response to these four interrogatories, defendant replied that it did not maintain records according to the type of glass failure alleged by claimant or according to the type of bottle or bottle style.
Being dissatisfied with defendant's answer to the last four interrogatories propounded by them, plaintiffs filed a motion to compel defendant to clarify the answer previously given by it and to make a more complete answer to the interrogatories. On August 28, 1970, the trial court granted plaintiffs' motion and by order of that date directed defendant to produce the names and addresses of each person making a claim of any type against it within a period of five years prior to the accident involved in this case or, in the alternative, to answer the last four interrogatories propounded by plaintiffs to which a satisfactory answer had not been made. When defendant failed to comply with the court's order of August 28, plaintiffs filed a motion in the cause praying for an order compelling defendant to comply with the court's prior order, which motion was heard by the court on November 12, 1970. On that date the court rendered its order requiring defendant to answer the last four interrogatories previously propounded to it by plaintiffs within 14 days from the date of the order and providing that, upon failure of defendant to make compliance therewith, its defenses would be stricken and default judgment entered against it on the issue of liability.
On December 3, 1970, at an ex parte hearing held before the court without notice to defendant, plaintiffs' attorney submitted an affidavit averring that defendant had not complied with the court's previous order of November 12, 1970, within 14 days thereafter by answering the four interrogatories previously propounded to it. Acting upon this affidavit, the court immediately entered its order striking the defenses theretofore pleaded by defendant and entering default judgment against it on the issue of liability, leaving for trial only the remaining issue of damages.
On December 8, 1970, defendant Owens-Illinois, Inc., filed in the cause its motion asking the court to set aside its order of December 3, 1970, striking its defenses and entering default judgment against it. By this motion defendant's attorney alleged that shortly after entry of the court's order of November 12, 1970, requiring defendant to produce certain information or answer the four interrogatories previously propounded to it by plaintiffs, defendant's attorney immediately attempted to contact defendant's general counsel in its legal department at Toledo, Ohio, to urge that the information be furnished immediately; that the general counsel was out of town and could not be immediately reached; that defendant's local attorney thereupon requested the desired information by correspondence and shortly thereafter was assured by defendant's general counsel that the information was in the process of being compiled and would be promptly forwarded as soon as it was complete; that the necessary information reached defendant's local attorney on December 4, 1970, whereupon he immediately called by telephone the attorney for plaintiffs to advise that the information had been received and would be furnished forthwith but plaintiffs' attorney was out of town so the information was left with his secretary with the request that it be transmitted to her employer; that it was not until three days later on December 7, 1970, that defendant's attorney received a copy of the order previously rendered by the court on December 3, 1970, striking its defenses and entering default judgment against it on the issue of liability; that defendant's attorney's efforts to secure plaintiffs' attorney's consent to have the order of December 3 rescinded and set aside proved to no avail. Defendant attached to his motion a copy of the report received by him from general counsel of defendant in Ohio furnishing the information requested by plaintiffs through their interrogatories.
*224 The trial court heard defendant's motion and entered an order denying it, whereupon the cause was tried to a jury on the issue of damages which resulted in the rendition of the judgment appealed herein.
It is appellant's position that the trial court abused its discretion and committed reversible error when it denied appellant's motion to rescind and set aside the court's previous order striking its defenses and entering default judgment against it. Appellant strenuously urges that the record affirmatively establishes that it diligently endeavored to secure the information required of it by the court's order of November 12, 1970, and that its failure to furnish the desired information within 14 days thereafter as required by the court's order was not the result of willful neglect or refusal in bad faith to comply with the court's directions. Under the circumstances appellant asserts that it should have been permitted to furnish the information desired by appellees even though it was not received until after the deadline fixed by the court's order and thereafter to be permitted to defend the case on the issue of liability as well as damages.
Rule 1.380, Rules of Civil Procedure, 30 F.S.A., provides that if any party refuses to obey an order directing it to answer any interrogatories submitted pursuant to Rule 1.320 or Rule 1.340, Rules of Civil Procedure, the court may make such orders in regard to the refusal as are just and, among others, the court may order that the pleadings or parts thereof filed by the disobedient party be stricken and judgment by default entered against him.[1]
The Florida rule relating to the sanctions available against a party who disobeys a court's order regarding discovery is a counterpart of and taken from Rule 37(b) (2), Federal Rules of Civil Procedure. In commenting upon the function of this rule, Barron and Holtzoff say:
"For purposes of Rule 37(b) (2), a party `refuses to obey' a discovery order merely by failing to comply with it, whether or not the failure be willful. But the Supreme Court has held that where the failure to comply is because of inability to do so, rather than because of willfulness, bad faith, or any fault of the party, the action should not be dismissed and less drastic sanctions provided by the rule should be invoked. This merely emphasizes the fact that under the rule the court is to make `such orders in regard to the refusal as are just,' with the most drastic sanctions reserved for flagrant cases."[2]
Similarly, Professor Moore, in his work on Federal Practice, in commenting upon the proper application of this rule says:
"It has already been noted that while Rule 37(b) is applicable to any failure to comply with an order of the court under Rule 37(a) or Rule 35, and the rule permits the court to dismiss the action, or enter judgment by default, the Supreme Court has held that such a harsh sanction cannot be applied when failure to obey the order of the court was occasioned by the party's inability to do so after good faith efforts at compliance. This has been interpreted to require some element of wilfulness or conscious disregard of the order."[3]
*225 From the foregoing authorities it seems apparent that in the federal court system of our country the rule relating to sanctions for failure to make discovery is employable only when the failure or refusal to comply with the court's order directing that discovery be made was found upon proper inquiry to be willful and in bad faith. Absent the presence of such factors, less drastic sanctions should be invoked.
The construction placed upon the rule by the federal courts has been followed by the courts of Florida. In speaking of the rule and its proper application, the Second District Court of Appeal in a well-considered opinion by Judge Pierce said:
"This is known as the `sanction' portion of the discovery Rules. It is not penal. It is not punitive. It is not aimed at punishment of the litigant. The objective is compliance  compliance with the discovery Rules. The sanctions are set up as a means to an end, not the end itself. The end is compliance. The sanctions should be invoked only in flagrant cases, certainly in no less than aggravated cases, and then only after the Court has given the defaulting party a reasonable opportunity to conform after originally failing or even refusing to appear. This is unmistakably the trend of judicial thinking in Florida on the `sanction' Rule."[4]
To similar effect is the holding of the Fourth District Court of Appeal which, in an opinion by Judge Owen, said:
"* * * However, dismissal of an action with prejudice is a drastic punishment and should not be invoked except in those cases where the conduct of the party shows a deliberate and contumacious disregard of the court's authority. State v. Fattorusso, Fla.App. 1969, 228 So.2d 630.
"* * * Since the trial court did not expressly find, and the record does not conclusively reveal, that the plaintiff's failure to produce was a refusal to obey, we hold that the court abused its discretion in dismissing the complaint with prejudice. Cf. Metro Sporting Goods, Inc. v. Mutual Employees Trademart, Inc., Fla.App. 1964, 176 So.2d 578."[5]
The foregoing holding by the court was reaffirmed in the later case of Ohio Realty Investment Company v. Lawyers Title Insurance Corporation[6] in which the court said:
"* * * We held in Swindle v. Reid, Fla.App., 242 So.2d 751, opinion filed October 23, 1970, that in the absence of an express finding by the court that the plaintiff's failure to comply with an order to produce certain documents was a refusal, or in the absence of the record conclusively revealing such, it was an abuse of discretion to dismiss the complaint with prejudice for the plaintiff's failure to comply with the order. This same view would apply to an order which struck the defendant's pleadings and entered a default judgment against it as a sanction for its failure to comply with an order to answer interrogatories."
Based upon the foregoing authorities we deem it inescapable that the judgment appealed herein must be reversed and the cause remanded for further proceedings. Firstly, it is obvious that the court's order of November 12, 1970, requiring defendant to answer the interrogatories propounded by plaintiffs within 14 days thereafter was not self-executing. While it is *226 true that the order recited that upon failure of defendant to fully comply with the requirements of the order, its defenses would be stricken and default judgment entered against it, defendant was nevertheless entitled to an opportunity to be heard on any motion by the plaintiffs to invoke the sanctions set forth in the order. The record is clear that the hearing on plaintiffs' affidavit of noncompliance by defendant was held ex parte without notice to defendant. Such procedure was unauthorized and deprived defendant of the opportunity of being heard and offering any evidence it might have of a mitigating or extenuating nature. The order striking defendant's defenses and entering a default judgment against it having been rendered pursuant to an ex parte hearing without notice, the order was invalid and cannot form a proper basis for the judgment appealed.
Secondly, even if notice had been given to defendant of the hearing for the purpose of imposing sanctions, the record is clear that such severe action was not authorized. There is no evidence from which one could reasonably conclude that defendant's failure to comply with the court's order of November 12, 1970, within the 14 days limited thereby was a result of willfulness or bad faith. No finding to this effect was made by the court in the order imposing sanctions. In the absence of such a finding by the court based upon competent evidence adduced before it, the order imposing such drastic action is not authorized.
The judgment appealed is accordingly reversed and the cause remanded with directions that the court's order of November 12, 1970, striking the defenses interposed by defendant and entering default judgment against it on the issue of liability be rescinded and set aside, and for further proceedings consistent with the views set forth herein.
SPECTOR, C.J., and JOHNSON, J., concur.
NOTES
[1] Rule 1.380. Refusal to Make Discovery: Consequences.

"(b) (2) Other Consequences. If any party or an officer or managing agent of a party refuses to obey an order made under subdivision (a) of this rule requiring him to answer designated questions * * *, the court may make such orders in regard to the refusal as are just, and among others the following:
* * * * * *
"(iii) An order striking out pleadings or parts thereof or staying further proceedings until the order is obeyed or dismissing the action or proceeding or any part thereof or rendering a judgment by default against the disobedient party;"
[2] 2A Barron and Holtzoff, Federal Practice and Procedure 543, § 853 (Rules Ed.).
[3] 4A Moore's Federal Practice 37-64, -67, -69, -70, ¶ 37.03 [2.  5] (2nd Ed.).
[4] Hurley v. Werly, (Fla.App. 1967) 203 So.2d 530, 537.
[5] Swindle v. Reid, (Fla.App. 1971) 242 So.2d 751, 753.
[6] Ohio Realty Investment Company v. Lawyers Title Insurance Corporation, (Fla.App. 1971) 244 So.2d 176, 179.