PER CURIAM.
In late 1972 the Appellant, Robert M. Menke, d/b/a Meneo Leasing and Appel-lees, Marcel Cournoyer and Francis Gleich began discussing the possibilities of a business venture relating to a flower business. These preliminary meetings culminated in the signing of a contract on January 30, 1973, the first of several documents relating to the business venture between the parties.
The initial agreement, among other things, provided the Appellant would lend to Appellees not less than $25,000.00 or arrange a line of credit of not less than $25,000.00, the repayment of which would be upon the terms and conditions as were agreeable to Appellees, however, in no event would the repayment of the monies borrowed exceed five years. The agreement also provided the Appellees agreed for themselves and their respective spouses, if applicable, to endorse the evidence of the borrowings. The spouses referred to were not parties to the agreement.
The initial agreement also made provision for the formation of a corporation together with certain conditions precedent to issuance of a loan by Appellant which included among other things stock options on behalf of Appellant, employment contracts, covenants against competition, the Appellant’s signature on all checks for the withdrawal of any funds from the corporate checking account, a pledge of stock by Ap-pellees to Appellant and other important provisos.
On February 23, 1973 a promissory note in the amount of $25,000.00, “for value received”, the subject of count one set forth in the complaint, was executed by each Ap-pellee together with their respective wives and by Appellee, Plantation Flowers of Florida, Inc., a corporation which all persons knew did not exist.
On May 1, 1973 Plantation Flowers of Florida, Inc. received its Certificate of Incorporation and on May 25, 1973 the Appellant and Appellees, Marcel Cournoyer and Francis Gleich, entered into a second agreement relating to the business venture which specifically referred to the corporation being formed on May 1, 1973 and the first agreement dated January 30, 1973 referred to above. This second agreement referred to the mechanics of carrying out the terms of the first agreement; amended the first paragraph of the first agreement, which paragraph related to Appellant’s agreement to lend to Appellees not less than $25,000.00 or to arrange a line of credit of not less than $25,000.00.
Further agreements were entered into between the parties pursuant to their business venture which were admitted into evidence during the course of the trial below.
Appellant, in count one of his Complaint brought suit on the promissory note in the amount of $25,000.00 which was executed on February 23, 1973 by all Appellees. Over the objection of Appellant the trial court allowed into evidence parol testimony to the effect that it was the understanding of all parties to the promissory note in question that the individual liability of the makers would be released upon the incorporation of Appellee, Plantation Flowers of Florida, Inc.
The general rule relating to the admissibility of parol evidence to vary or contradict the terms of the written agreement was set forth by the Florida Supreme Court in the case of Jackson v. Parker wherein the Court stated:
“We recognize the general rule (to which there are some well settled exceptions) to the effect that parol testimony as to the existence of a contemporaneous *493 or collateral verbal agreement is not admissible to vary or contradict the terms of a valid written instrument. Where a deed recites a consideration of ‘one dollar and other valuable considerations’ the statement as to consideration is not complete and the true consideration may be shown by parol. Where it appears that a particular element of an alleged extrinsic negotiation is not dealt with at all in the writing (as for instance in this case, the time when the release of mortgage was to be delivered or become effective) it is presumed that the writing or writings do not represent all of the transaction on that element, and parol evidence in proof of such element is admissible. Parol evidence is admissible to connect several written instruments and show that they were all parts of one transaction. ... ‘It is also a generally recognized rule that parol evidence is admissible to establish a contemporaneous oral agreement which induced the execution of a written contract, although it may vary, change, or reform the instrument.’” 153 Fla. 622, 15 So.2d 451 (1943)
See also J. M. Montgomery Roofing Company, Inc. v. Fred Howland, Inc., 98 So.2d 484 (1957); Mallard v. Ewing, 121 Fla. 654, 164 So. 674 and Wagner v. Bonucelli, 239 So.2d 619 (Fla.App. 4th 1970).
We have examined the record and the evidence, considered the arguments and law urged by the respective parties relating to the admissibility of parol evidence under the circumstances set forth above, together with the other points raised by Appellant and find them to be without merit.
AFFIRMED.
WALDEN, C. J., MAGER, J., and RUDNICK, VAUGHN, J., Associate Judge, concur.