LETTS, Judge,
concurring specially:
This case concerns a stockholders agreement which unequivocally provided that no stockholder could sell his stock to a third party without giving the right of first refusal to the other existing stockholders. The particular provision read:
7. (a) If a partner has received a bona fide offer from a third party to purchase his interest in the said partnership, and if he desires to accept said offer, he shall cause said offer to be reduced to writing and delivered to the general partner, together with written notice thereof to at least two (2) limited partners other than himself. The other partners in any proportion determined by them, then, within thirty (30) days after delivery of notice of said offer, may purchase said interest at the price of said offer and may further select the more favorable of the terms of payment of said bona fide offer or the terms of payment under this agreement as set forth below.
Notwithstanding the foregoing provision, the right of a first refusal in this case was given orally and never reduced to writing. The remaining stockholders did not exercise the orally extended option so the stock was transferred to a third party. Nevertheless, the original stockholders now seek to so exercise claiming that notice of the offer should have been in writing.
I agree it should have been, but note a further provision in the same agreement as follows:
7. Subject to the terms of this agreement, any partner may sell, transfer, assign, pledge, encumber or otherwise hypothecate his interest except that any person obtaining any interest thereby shall be in the status of prospective purchaser and subject to the options hereinabove granted to the other partners in this paragraph 7.
Based on the foregoing it would be my conclusion that the result here is governed by the quotation immediately preceding. Such being so, the appellant must secure equitable redress, (which it did in part in its original suit) in order to achieve its goal. We need no citation to support the concept that he who seeks equity must do it. In the case at bar, the trier of fact found that the right of first refusal had been orally communicated to, and ignored by, the appellants. Thus while the mode of communication did not conform to the written requirements of the agreement it can nevertheless be considered by the chancellor where equitable relief is sought. See Wagner v. Bonucelli, 239 So.2d 619 (Fla. 4th DCA 1970).