LETTS, Judge.
The seller of a parcel of land here appeals the granting of a summary judgment effectively excusing the buyer from specific performance. We reverse.
We believe there are several questions of fact remaining unresolved in this cause. For example:
1. Was the original delivery to the buyer, of the abstract, timely?
2. Was the original delivery of the abstract made to the purchaser’s attorney?
3. Did the actions of the buyer’s husband bind the buyer so that she was es-topped to deny that Beall was her attorney?
4. Does Beall’s testimony indicate that he was, or was not, the purchaser’s attorney? [1]
5. Did the purchaser have a duty to examine the abstract delivered and notify the seller as to the state of the title?
6. Would the encroachment have been removed prior to the expiration of all time limits set forth in the contract of sale and did the purchaser waive it by not securing a survey?
7. Would the seller have secured the abandonment of the road bisecting the property by the expiration of all time limits set forth in the contract of sale?
8. Was the variation in setback lines from the “approximate” dune line, a substantial breach of the seller’s representations in the contract?
*677 This case has developed into an extraordinary maze of pleadings and allegations. However, there is just no way around several, unresolved, although perhaps unresolvable, issues of fact which preclude summary disposition.
As to the additional problem concerning the operative date on which title deficiencies would have to be cured, by reason of the alleged specification of them as warranties riot defects, we do not agree that a requirement in a sales contract that there be no encroachments, easements, or set back violations would, instanter, vitiate it simply because these shortcomings exist. If the seller can cure any such offending deficiencies within the proper time limits set forth, so that he can timely present the title in acceptable form, then such a course of curative action should suffice. The warranty deed is presented at closing, not on the initial date on which the sales contract is signed.
REVERSED AND REMANDED IN ACCORDANCE HEREWITH.
DOWNEY, C. J., concurs.
DAUKSCH, J., concurs specially, with opinion.

. His testimony comes close to admitting that he was her attorney and certainly raises an issue of fact as to what his relationship was.