391 So.2d 266 (1980)
Fione G. WELLS, As Trustee, Appellant,
v.
Bill WILKERSON and Ludmilla Wilkerson, His Wife et al., Appellees.
Nos. 80-449, 80-601.
District Court of Appeal of Florida, Fourth District.
November 26, 1980.
Rehearing Denied January 13, 1981.
*267 Patrick N. Brown, Fort Lauderdale, for appellant.
David Feldman, Miami Beach, for appellees.
HERSEY, Judge.
The seller of an apartment building takes this appeal from a summary judgment which requires him to convey the property to the buyer pursuant to a written agreement. The basis for the appeal is the alleged existence of several genuine issues of material fact that would preclude summary final judgment.
Most of the legal questions arising in a summary judgment setting have been laid to rest in what has become the landmark case in this area of Florida jurisprudence, Holl v. Talcott, 191 So.2d 40 (Fla. 1966). In brief summary, the law is that one moving for summary final judgment must demonstrate that there is no genuine issue as to any material fact. A material fact is one essential to the result that is placed in controversy by the pleadings and affidavits. Thus, to preclude the entry of summary judgment there must be some fact essential to a resolution of the legal questions raised by the case which is genuinely controverted.
The material and undisputed facts are these. The buyers, appellees here, entered into a contract with Southeast Everglades Bank of Fort Lauderdale, as trustee, for the purchase and sale of a twelve unit apartment building. The contract was negotiated by a real estate broker. As originally drawn and presented to appellees, that agreement specified that the conveyance would be in the form of a Special Warranty Deed. Appellees rejected this term of the contract and required that the language be stricken. With this change accomplished, the agreement was then tendered to the trustee bank. It was the policy of the bank, when acting as trustee, to limit its own liability by furnishing Special rather than General Warranty Deeds. Accordingly, the language which had been stricken was again typed into the document and a copy was redelivered to the buyers. There was no further material activity with regard to the provision specifying a Special Warranty Deed.
In due course an abstract of the record title was delivered to the buyers showing good title in the trustee bank. There were no objections to the title.
On December 13, 1978, the buyers presented themselves, ready, willing and able to close, with funds as required by a proposed closing statement. The sellers' attorney tendered two Special Warranty Deeds. One deed was from Southeast Bank as Trustee to George F. Hess, II, as Trustee, the former having resigned as trustee in the interim between execution of the contract and the closing. The second deed was from Hess as trustee to the buyers. The buyers refused to accept the tendered deeds and various alternatives were discussed. The closing was then adjourned.
There was an abortive unilateral attempt by sellers to close later in December, but at that time the buyers were unavailable and there had been no delivery to buyers of an update on the abstract of title, taking into account the deed from the Bank to Hess.
In January of 1979 such an updated abstract was delivered, whereupon buyers' attorney requested that the underlying trust agreement be produced and made a matter of public record. There were various exchanges between the parties' attorneys culminating in a letter from sellers' attorney to buyers' attorney dated February 5, 1979, purporting to terminate negotiations and effect a tender of the earnest money deposit. Shortly thereafter, buyers filed a complaint seeking specific performance of the purchase and sale agreement. Subsequently, Hess was replaced by appellant, Wells, as Trustee of the property.
*268 Before proceeding to consider appellants' position on appeal, we will dispose of two collateral matters. First, we have permitted the intervention in this appeal of a party claiming to have an interest in the real property involved in this litigation. We point out by way of disposition of that claim and any similar claims that neither the summary judgment nor these appellate proceedings have any effect on duly recorded encumbrances or other liens affecting the subject property. The conveyance effected by the final judgment below is subject to any valid matters of record. Second, the trial court refused to consider additional affidavits attempted to be introduced into the proceedings after summary judgment had been entered. The contents of those affidavits do not affect the conclusion we reach on this appeal, thereby rendering the issue of their timeliness and admissibility moot.
Appellant suggests the existence of several genuine issues of material fact that require reversal of the summary judgment. We recently reiterated the rule that unresolved material factual issues preclude summary judgment. Kennedy v. Wilmot, 371 So.2d 676 (Fla. 4th DCA 1979).
The first such issue is whether there was an agreement between the parties. There was a signed contract and neither party suggests that prior to or at the December closing the validity or enforceability of that contract was questioned. A possible ambiguity existed at one point with reference to the type of conveyance that would be used to effectuate the transaction. That issue became moot when the buyers agreed to accept an updated abstract and a Special Warranty Deed. As to execution of the contract and its formalities we find nothing in the record to support this as a genuine material issue.
Appellant argues that the buyers breached the contract at the December closing by insisting on a General Warranty Deed. Such a breach of contract would affect the availability of the remedy of specific performance so that the presence of such an issue would preclude summary judgment. However, there was no such breach of contract. The abstract of title showed record title to be in the bank as trustee. This entitled the buyers to a deed from that trustee at closing, not any combination of conveyances out of that trustee to others and then to buyers. Whether buyers were advised of the fact of the bank's resignation and the resulting necessity for two deeds prior to or at the closing, in the absence of a valid and effective amendment of the original agreement binding the buyers to accept the two deeds, they were not required to do so. The fact that, at closing, the buyers offered to accept a General Warranty Deed from the new trustee and assurances from the beneficiaries of the trust was simply by way of settlement negotiations and did not constitute a breach of the original contract. This is a paper issue, at best, and was properly disregarded by the trial court.
Finally, appellant contends that appellees' refusal to close on December 28, 1978 constituted a breach of contract with the same consequences as the alleged breach referred to previously in this opinion. Unless the seller agreed to one of the alternative proposals made by the buyers to effectuate closing, such as utilization of a General Warranty Deed, the buyer was entitled to have the deed from the bank as trustee to Hess as trustee recorded and the abstract brought down to date showing good record title in Hess as trustee. There is no allegation that seller was in a posture to do that in December of 1978. The fact is, these details were incomplete as late as January 15, 1979, as evidenced by correspondence between the parties' attorneys. There could have been no valid tender of title on December 28, 1978, or for some time thereafter. Sellers attempt to hold a closing was therefore an exercise in futility having no legal consequences.
We find no merit in appellants' contention that buyers' demand for production of the underlying trust agreement is a viable issue, whether or not that demand was legally justifiable. This demand simply was not germane to the ultimate issues involved in this case, nor was it material to the *269 performance or lack of performance by either party.
The trial court correctly determined that no genuine issues of material fact remained unresolved at the time that summary judgment was granted.
We therefore affirm.
AFFIRMED.
LETTS, C.J., and BERANEK, J., concur.