423 So.2d 1005 (1982)
SUNSTREAM JET CENTER, INC., Appellant,
v.
LISA LEASING CORPORATION and United States Fire Insurance Company, Appellee.
No. 81-1303.
District Court of Appeal of Florida, Fourth District.
December 29, 1982.
*1006 Kimberly V. Barenz, Boca Raton, for appellant.
Larry L. Adair of Law Offices of Jordan A. Greene, Miami, for appellee.
DELL, Judge.
Sunstream Jet Center appeals a final judgment in favor of Lisa Leasing Corporation and the subsequent denial of its motion to set aside that judgment.
Appellant sued appellee to recover $23,754.14 allegedly due for repair work performed on appellee's aircraft. Appellee answered and counterclaimed for damages resulting from appellant's failure to properly repair the aircraft. On December 1, 1980, appellee filed requests for admission, production of documents and first set of interrogatories directed to appellant. Receiving neither the requested discovery nor objections to any part of the discovery requests, appellee moved for an order compelling discovery. On March 2, 1981, following a hearing which appellant's counsel failed to attend though notified, the trial court granted appellee's motion to compel discovery and ordered appellant to make discovery by March 22, 1981 or have its pleadings stricken and an order of default entered. This deadline came and went without any response to the discovery order.
On April 9, 1981, appellee moved for an order of default and judgment after default for appellant's failure to comply with the order compelling discovery. Without further notice or hearing the trial court granted appellee's motion for default and entered a final judgment in the amount of $77,183.85, based upon an affidavit of claim and fee affidavits submitted by appellee. The trial court denied appellant's motion to set aside the final default judgment.
Appellant contends that the trial court erred in entering a final default judgment without notice and that the trial court erred in assessing damages against appellant without providing notice and a trial on the amount of appellee's unliquidated damages.
Rule 1.500(b) provides:
BY THE COURT. When a party against whom affirmative relief is sought has failed to plead or otherwise defend as provided by these rules or any applicable statute or any order of court, the court may enter a default against such parties; provided that if such party has filed or served any paper in the action, he shall be served with notice of the application for default.
While we are compelled to follow the dictates of Rule 1.500(b) as was the court in Owens-Illinois, Inc. v. Lewis, 260 So.2d 221 (Fla. 1st DCA 1972), we do so reluctantly.
We recognize the ever increasing case load of the trial judges and the pressures of time placed on them by crowded dockets and motion calendars. While a sound basis exists for the requirement of notice in most circumstances, we fail to see the need for compliance with Rule 1.500(b) in discovery *1007 matters. Rule 1.380(a), Florida Rules of Civil Procedure requires notice and a hearing on a motion to compel discovery. If the trial judge in the order compelling discovery gives notice of the sanctions which will befall a disobedient party for noncompliance within a date certain, that party can hardly claim lack of due process by the entry of a default judgment for noncompliance without further notice. Should the party affected by the order compelling discovery find it impossible to comply with the court's order, prudence would dictate that he file a motion for an extension of time to comply or for relief from that order prior to the date set for discovery. If on the other hand he has complied with the order and the court enters a default because of fraud or by mistake, he may seek relief under Florida Rule of Civil Procedure 1.540(b). But for a party to sit back, do nothing and then seek relief asserting that he lacked notice of the consequences of his actions is repugnant to us. However, we must remand this case for an evidentiary hearing after notice to appellant to determine whether appellant's failure to comply with the trial court's order compelling discovery resulted from such wilfulness or bad faith as would justify the sanction of striking pleadings and entering a default.
If on remand the trial court determines that the default judgment should stand appellant must be given an opportunity to defend on the issue of damages.
In law actions in which the damages are not liquidated, the order setting an action for trial shall be served on parties who are in default in accordance with Rule 1.080(a).
Fla.R.Civ.P. 1.440(c). Also see B/G Amusements, Inc. v. Mystery Fun House, Inc., 381 So.2d 318 (Fla. 5th DCA 1980); Tallman Pools of Georgia, Inc. v. Wood, 399 So.2d 112 (Fla. 1st DCA 1981).
Accordingly, we reverse and remand for further proceedings consistent with this opinion.
REVERSED and REMANDED.
BERANEK and HERSEY, JJ., concur.