471 So.2d 128 (1985)
Toby W. MERRILL, Appellant,
v.
Russell K. NUZUM, III, Appellee.
No. 84-1401.
District Court of Appeal of Florida, Third District.
June 4, 1985.
Rehearing Denied July 10, 1985.
*129 Morales, Rudolph & Hevia, Squire, Sanders & Dempsey and Kenneth L. Ryskamp, Miami, for appellant.
Harold C. Knecht, Jr., Coral Gables, and Debra Levy Neimark, Miami, for appellee.
Before NESBITT, DANIEL S. PEARSON and FERGUSON, JJ.
DANIEL S. PEARSON, Judge.
We reverse the final judgment entered in favor of the appellee on his petition for the determination of a deficiency following a mortgage foreclosure sale. We hold that the amount of the deficiency was an unliquidated amount and that, therefore, despite the appellant's default in the foreclosure action, she was entitled to notice of the trial to determine the deficiency; that the notice given to the appellant of the trial to determine the deficiency was inadequate; and that the trial court abused its discretion when it refused to continue the trial to enable the appellant to prepare. See Heritage Casket & Vault Ind. v. Sunshine Bank, 428 So.2d 341 (Fla. 1st DCA 1983). We reject the appellee's contention that his resale of the property subsequent to his purchase of it at the foreclosure sale preclusively fixed the fair market value of the property at the time of the foreclosure sale and thus rendered the amount of the deficiency liquidated. While the sale of the property after the foreclosure sale is evidence of the value of the property at the time of the foreclosure sale, see Matson v. Gulfstream Bank, N.A. (Fla. 4th DCA 1985) (Case Nos. 83-1690 and 83-1999, opinion filed May 8, 1985), it is clearly not the only evidence of value which may be received. The appellant was entitled to challenge the appellee's contention that the subsequent sale represented fair market value at the time of the foreclosure by showing, inter alia, that the subsequent sale was not an arm's length transaction or that, even if it were, events between the time of the foreclosure sale and the subsequent sale substantially altered the value of the property. Because she was deprived of that opportunity, the matter is reversed and remanded for a new trial to determine the deficiency.[1]
Reversed and remanded.
NOTES
[1] Our decision makes it unnecessary to decide appellant's other claim that the deficiency judgment improperly includes the cost of certain items. Because appellant has never been heard on this issue in the trial court, we assume that appellant's participation will aid the trial court in resolving this dispute correctly.