510 So.2d 1130 (1987)
Randall BELFLOWER, Appellant,
v.
CUSHMAN & WAKEFIELD OF FLORIDA, INC., a Florida Corporation, Appellee.
No. 87-790.
District Court of Appeal of Florida, Second District.
August 5, 1987.
*1131 David B. McEwen of Dyches and McEwen, Tampa, for appellant.
Lee D. Gunn, IV of Shackleford, Farrior, Stallings & Evans, P.A., Tampa, for appellee.
PER CURIAM.
The appellant, Randall Belflower, seeks review of a judgment in which the trial court determined Belflower was liable by way of default to the appellee, Cushman & Wakefield of Florida, Inc. (Cushman). We reverse.
Cushman, a real estate brokerage firm, filed a complaint against Belflower alleging that Belflower breached the parties' contract by failing to pay real estate commissions. Cushman sought damages for the alleged breach of contract as well as attorney's fees.
After Belflower failed to appear to testify at a properly noticed deposition, Cushman filed a motion for sanctions pursuant to Florida Rule of Civil Procedure 1.380. Cushman requested the trial court to order Belflower to appear for a second deposition and to enter a default judgment against Belflower if he failed to appear as ordered.
On December 9, 1986, the trial court conducted a hearing on Cushman's motion and orally informed the parties it would order Belflower to appear for a deposition which would be held sometime within the following two weeks. On Thursday, December 18, 1986, counsel for Cushman forwarded a proposed draft of the order to the trial court, and Belflower's attorneys received a copy of the proposed order on Friday, December 19, 1986. The proposed order stated that Belflower's deposition would be taken on December 23, 1986, the following Tuesday; however, the order was not actually signed by the trial court until December 23. The order provided "that upon the filing of a certificate of non-appearance [sic] executed by a duly authorized Court Reporter, the Court will enter a judgment by default against [Belflower] and in favor of [Cushman] and the cause will proceed only on the issue of the damages due [Cushman]."
When Belflower did not appear to be deposed on December 23, Cushman filed an affidavit of nonappearance and moved for a judgment on the issue of liability. Without conducting a hearing, the trial court entered a nonfinal order holding Belflower liable to Cushman for the real estate commission, attorney's fees, and taxable costs. The order also declared that the cause would proceed to trial to determine the amount of damages. Belflower then filed a motion for rehearing which alleges, among other things, that the trial court found Belflower liable without first conducting a hearing. A hearing was conducted on Belflower's motion for rehearing, and the trial court denied the motion.
In his timely appeal, Belflower contends that the trial court erred by entering a default against him. We agree.
It is clear that a trial court has discretion to impose sanctions upon a party who, after being served with proper notice, fails to appear for his own deposition. See Fla.R.Civ.P. 1.380(d) and 1.380(b)(2). A discovery sanction as severe as the entry of default, however, should only be imposed in extreme circumstances such as where the defaulted party's conduct reflects bad faith, willful disregard, gross indifference, deliberate callousness, or a deliberate and contumacious disregard of the trial court's authority. Mercer v. Raine, 443 So.2d 944 (Fla. 1983).
Sub judice, there was a dispute as to whether Belflower received notice of the deposition scheduled for December 23, but the trial court did not conduct an evidentiary hearing to determine why Belflower failed to appear. We must, therefore, reverse the trial court's nonfinal order which holds Belflower liable to Cushman for damages, attorney's fees, and taxable costs. We also remand the cause for an evidentiary hearing to determine whether Belflower's *1132 failure to attend the December 23 deposition resulted from the type of conduct which would justify the sanction of default. See Mercer; see also, Austin v. Papol, 464 So.2d 1338 (Fla. 2d DCA 1985); Sunstream Jet Center, Inc. v. Lisa Leasing Corp., 423 So.2d 1005 (Fla. 4th DCA 1982).
In light of the foregoing disposition, we need not address the other issues raised on appeal.
Reversed and remanded.
CAMPBELL, A.C.J., and SCHOONOVER, J., and PACK, R. WALLACE, Associate Judge, concur.