MILLS, Judge.
Alton and Golie Sizemore appeal from the dismissal of their complaint by the trial court for failure to comply with a discovery order. We reverse and remand for further proceedings.
On 15 December 1986, appellants filed their complaint against appellee for damages to their gas station from negligent ■operation of a truck. On 23 December, appellee propounded interrogatories and a request to produce; pertinent to this case is the request in the latter for copies of certain income tax returns. When no response was forthcoming, on 18 March 1987 the appellee filed a motion to compel a response and to strike the case from the 14 September 1987 trial calendar. The trial court granted the motion to compel on 8 April giving appellants 20 days to respond, but denied the motion to strike as premature.
On 11 May, appellee filed a motion for sanctions alleging appellants’ failure to comply with the 8 April order; again appel-lee sought to have the case stricken from the trial calendar. Before the court could rule, on 20 May appellants filed their response to the request to produce, save for the income tax returns, which it was averred would be forthcoming “upon receipt by the undersigned.” Appellants answered the outstanding interrogatories on 17 May, but could not at that time fully respond to No. 8, asking for the exact amount of damages sought. On 8 June, the trial court again denied the motion to strike filed 11 May.
Finally, on 31 July the appellee filed a third motion to strike from the trial calendar. As grounds therefor, the appellee alleged failure to provide the income tax returns or to fully answer the interrogatory regarding damages, despite Size-more’s testimony in a 15 July deposition that the IRS was in the process of sending copies of the pertinent returns and that no figure on damages could be given because they weren’t yet complete. Appellee moved, not for the sanction of dismissal, but for continuation of the trial so that all of this information could be collected. On 20 August 1987, after a hearing, the court again denied the motion to strike, but ruled that, unless the tax returns and answer to the interrogatory were provided by 24 August, the action would be dismissed.
On 25 August, appellee filed an affidavit averring no response to the 20 August order. Thereupon, without further hearing, the trial court noted appellants’ failure to respond to that order and dismissed the case in that “plaintiffs are determined to defy the orders of the court and will not conduct themselves in accordance with the rules.”
The trial court’s decision excusing or refusing to excuse noncompliance with the rules must be affirmed in the absence of an abuse of discretion. Mercer v. Raine, 443 So.2d 944, 945 (Fla.1983). Entering a default for noncompliance with an order compelling discovery is the most severe of all sanctions which should only be employed in extreme circumstances, i.e. deliberate and contumacious disregard of the court’s authority, bad faith, willful disregard or gross indifference to an order of the court. Mercer at 946.
In Owens-Illinois, Inc. v. Lewis, 260 So.2d 221 (Fla. 1st DCA 1972) the trial court’s order granting the plaintiff’s motion to compel recited that, upon failure to fully comply with the requirements of the order, a default judgment would be entered against defendant. Despite this language, this court held that the defendant was nevertheless entitled to an opportunity to be heard on any motion by the plaintiffs to invoke the sanctions set forth in the order. Otherwise, stated the court, the defendant is deprived of the opportunity of being heard and offering any evidence it might have of a mitigative or extenuating nature. An order entering a default judgment with *719 out notice or hearing is invalid. Owens-Illinois at 225-6.
See also Sunstream Jet Center, Inc. v. Lisa Leasing Corp., 423 So.2d 1005 (Fla. 4th DCA 1982) (remand for evidentiary hearing to determine whether failure to comply resulted from such willfulness or bad faith as would justify the sanction of default, citing Owens); Austin v. Papol, 464 So.2d 1338 (Fla. 2d DCA 1985) (error to impose extreme sanction of default without first affording the opportunity to be heard on the question of whether the failure was willful or in bad faith, citing Owens); Belflower v. Cushman and Wakefield of Florida, Inc., 510 So.2d 1130 (Fla. 2d DCA 1987) (remand for evidentiary hearing to determine if failure resulted for the type of conduct which would justify the sanction of default).
Here, although as in Owens, the order of 20 August threatened dismissal for noncompliance, appellee’s subsequent motion for invocation of that sanction was granted without notice to appellants or a hearing at which mitigating or extenuating circumstances could have been presented. Owens. We therefore reverse and remand for an evidentiary hearing to determine whether appellants’ failure to comply was the result of the type of conduct which would justify the sanction of default.
SHIVERS and JOANOS, JJ., concur.