COBB, Judge.
Appellant John Greenwood seeks review of the denial of his motion to vacate a final default judgment entered against him. The judgment was entered following a clerk’s default and a hearing on the final judgment not attended by Greenwood. Because of our concern over the propriety of both the clerk’s default and the final judgment, we reverse.
The cause began when appellee, Albert Nicklaus, filed a complaint against Greenwood individually and John Greenwood Street Cars, Inc., on March 27, 1987.[1] The complaint sought relief on three counts: Count I sought damages against only the corporation for breach of contract; Count II sought a judgment against the corporation based on a promissory note; and Count III sought damages against Greenwood individually for civil theft. A default was filed by the clerk on May 7, 1987 against both defendants based on their failure to file or serve any paper. However, on May 11, 1987, a pro se letter, dated May 6, 1987, from Greenwood to the court clerk was filed. This letter contained responses to the complaint and asked that it be dismissed. The clerk, in violation of Florida Rule of Civil Procedure 1.500(c), did not inform Greenwood that a default had previously been entered.[2] Nicklaus filed a motion for entry of judgment on May 19, 1987, and a final judgment was entered on July 15, 1987, against both defendants, jointly and severally, for $30,000.00 with an additional judgment against Street Cars, Inc., for $5,000.00. The judgment specifically noted that despite a notice of hearing, neither defendant appeared.
Greenwood, again pro se, filed a motion for rehearing and an affidavit on June 27, 1987. Greenwood alleged that he received notice of the final judgment hearing, but since it indicated it was by telephone conference he simply waited at home for the call. Greenwood stated that when no call came he noticed his telephone number on the notice was incorrect. Greenwood called the court and was told that a hearing was held without him and that he would be mailed the results. The results arrived eight days later in the form of a $30,000.00 judgment against him. Nicklaus’ motion to strike Greenwood’s motion as untimely and insufficient was granted by the trial court.
Initially, we consider the validity of the Clerk’s default. Greenwood’s letter was dated May 6,1987 and the default was entered on May 7, 1987. If Greenwood’s letter was in fact mailed to the opposing counsel on May 6, the default would be improper since the answer would in fact be timely served. See Hodkin v. Ledbetter, 487 So.2d 1214 (Fla. 4th DCA 1986), cause dismissed, 509 So.2d 1118 (Fla.1987); Fla.R.Civ.P. 1.500(a); Fla.R.Civ.P. 1.080(b). Since Greenwood was proceeding pro se and there is substantial uncertainty in the record, we remand the case for an eviden-tiary hearing to determine if in fact the letter was “served” on May 6th. If so, the clerk’s default must be set aside, if not, it may stand.
*966 In any event, the judgment entered based on that default must be reversed. The only count in the complaint against Greenwood individually was for civil theft. Since the amount sought under this count was not specifically alleged in the complaint and thus, unliquidated, a notice of trial on damages is required. See Sloan v. Freedom Savings and Loan Association, 525 So.2d 1000 (Fla. 5th DCA 1988); Turner v. Allen, 389 So.2d 686 (Fla. 5th DCA 1980); B/G Amusements, Inc. v. Mystery Fun House, Inc., 381 So.2d 318 (Fla. 5th DCA 1980). The noticed telephone hearing in this case, without the parties’ prior stipulation, does not constitute the required trial on damages.
Accordingly, the judgment against John Greenwood individually is reversed and the cause remanded for an evidentiary hearing on the validity of the clerk’s default, and should the default remain, a noticed non-jury trial on damages.
REVERSED AND REMANDED.
DAUKSCH and ORFINGER, JJ., concur.

. This appeal concerns only the default entered against John Greenwood individually. The corporation did not make any appearance below, and thus, no relief is warranted. Greenwood’s appearance cannot constitute a representation for the corporation, since a corporation may not appear in cotut "in proper person." See Daytona Migi Corp. v. Daytona Auto. Fiberglass, Inc., 417 So.2d 272 (Fla. 5th DCA 1982).

. Rule 1.500(c) provides:
(c) Right to Plead. A party may plead or otherwise defend at any time before default is entered. If a party in default flies any paper after the default is entered, the clerk shall notify the party of the entry of the default. The clerk shall make an entry on the progress docket showing the notification.