PER CURIAM.
William Lambert appeals a summary final judgment finding him liable for nonpayment of a promissory note. His defense below was, inter alia, lack of consideration.
One moving for a summary judgment must demonstrate that there is no genuine issue as to any material fact. Wells v. Wilkerson, 391 So.2d 266 (Fla. 4th DCA 1980). “A material fact is one essential to the result that is placed in controversy by the pleadings and affidavits.” Id. at 267. “It is well established that summary final judgment is appropriate only where each affirmative defense has been conclusively refuted on the record.” Pandol Brothers, Inc. v. NCNB National Bank of Florida, 450 So.2d 592, 594 (Fla. 4th DCA 1984).
Lack of consideration is a valid affirmative defense to a suit on a promissory note. Windle v. Sebold, 241 So.2d 165 (Fla. 4th DCA 1970). See also § 673.408, Fla.Stat. (1987). Here, a genuine issue of fact exists as to whether there was a lack of consideration. Appellee’s affidavit states that appellant received the money and appellant’s affidavit states that he did not. It may very well be that appellant agreed to repay the money although it was delivered to someone other than himself, but that question should be resolved only after the presentation of additional evidence. Compare Charron v. Coachmen Industries, Inc., 417 So.2d 1145 (Fla. 5th DCA 1982) (summary judgment for payee on promissory note improper where payee failed to conclusively refute affirmative defense of lack of consideration); Wagner v. Bonucelli, 239 So.2d 619, 620 (Fla. 4th DCA 1970) (“as between the original maker and original payee there can be evidence produced outside the four corners of the instrument which should be considered in support of the defenses of lack of consideration, release, waiver and estoppel”).
Accordingly, we reverse and remand for further appropriate proceedings.
REVERSED AND REMANDED,
HERSEY, C.J., and DELL and STONE, JJ., concur.