LEHAN, Acting Chief Judge.
We affirm the entry of a deficiency judgment against appellant mortgagors after the foreclosure of the mortgage on their property. However, we direct that the amount of the judgment be reduced as explained below.
The mortgagors make a persuasive argument that the value of the property at the time of the foreclosure sale was substantially greater than that relied upon by the trial court and that, therefore, no deficiency existed. However, we must agree with the mortgagees that the trial court had before it substantial competent evidence of the property’s value on which to base a deficiency. That was the sale price of the property when it was sold by the mortgagees to a third party purchaser one month after the foreclosure sale, the amount of which the trial court employed in deducting from the amount of the final judgment of foreclosure to arrive at the deficiency. See Merrill v. Nuzum, 471 So.2d 128, 129 (Fla. 3d DCA 1985).
Thus, we cannot conclude that the trial court abused its discretion in fixing the amount of the deficiency to that extent. However, no justification appears for the trial court, in arriving at the amount to be deducted from the amount of the final judgment of foreclosure, having first deducted from the foregoing sale price of the property the $8,662.19 costs to the mortgagees of their sale to the third party purchaser. See Shaw v. Charter Bank, 576 So.2d 907 (Fla. 1st DCA 1991). We therefore direct that upon remand the deficiency judgment be reduced by $8,662.19.
*1058 Affirmed in part, reversed in part, and remanded for proceedings consistent herewith.
PARKER and ALTENBERND, JJ., concur.