592 So.2d 1218 (1992)
Ellis E. NEDER, Jr., Appellant,
v.
GREYHOUND FINANCIAL CORP., Chicago Title Ins. Co., Appellees.
No. 90-3730.
District Court of Appeal of Florida, First District.
January 28, 1992.
Ellis E. Neder, Jr., pro se.
Carl M. Stewart of Ulmer, Murchison, Ashby & Taylor, Jacksonville, for appellees.
KAHN, Judge.
Appellant, Ellis E. Neder, contends that the trial court violated Rule 1.500(b), Florida Rules of Civil Procedure, by entering a default and final judgment against him without prior notice after he failed to comply with court orders and failed to appear on the trial date.[1] For a party to sit back, do nothing and then seek relief, asserting that he lacked notice of the consequences of his actions, is repugnant to us. However, Florida courts have previously held that the trial court may not enter a default judgment for violation of a discovery order without notice and an opportunity to be heard on the question of whether the failure was willful or in bad faith. See Sizemore v. Ray Gunter Trucking, Inc., 524 So.2d 717 (Fla. 1st DCA 1988); Sunstream Jet Center, Inc. v. Lisa Leasing Corp., 423 So.2d 1005 (Fla. 4th DCA 1982); Owens-Illinois, Inc. v. Lewis, 260 So.2d 221 (Fla. 1st DCA 1972). Although the order which appellant failed to comply with threatened dismissal for noncompliance, notice must still be given. *1219 Sizemore; Owens-Illinois. We must remand this case for a hearing after notice to appellant to determine whether failure to comply resulted from such willfulness or bad faith as would justify the sanction of default.
The record will not support the trial court's finding that the damages were liquidated. This was essentially a proceeding to recover indebtedness remaining after a foreclosure sale. The amount of the successful sale bid does not render the amount of the deficiency liquidated, since other evidence of value may be received. Merrill v. Nuzum, 471 So.2d 128 (Fla. 3d DCA 1985). We also note that recovery against Neder was based upon alleged fraud and that nowhere in the complaint or pleadings was the amount of damages set out. If on remand the trial court determines that the default judgment should stand, appellant must be given the opportunity to defend on the issue of damages. Fla.R.Civ.P. 1.440(c); See Sunstream, 423 So.2d at 1007; Greenwood v. Nicklaus, 527 So.2d 964 (Fla. 5th DCA 1988); Calder v. McNess, 427 So.2d 393 (Fla. 4th DCA 1983).
Accordingly, we reverse and remand for further proceedings consistent with this opinion.
ERVIN and WEBSTER, JJ., concur.
NOTES
[1] Appellant's multiple violations of a pretrial order culminated in his failure to appear at trial. Rather than simply proceeding to trial, appellee elected to seek sanctions, resulting in a default judgment for substantial money damages.