LEVY, Judge.
A defendant appeals from a final judgment entered subsequent to a default, which had been ordered as a discovery sanction. We reverse because the trial court erred in failing to conduct an evidentiary hearing.
The appellees are attorneys who filed suit in Dade Circuit Court against their former client, appellant Domenic Franchi, for unpaid legal fees. Franchi is in his early seventies, and lives in Sanibel, which is near Ft. Myers in Lee County. The appellees noticed Fran-chi for the taking of his deposition in Miami on March 16, 1994. Citing health reasons, Franchi moved for a protective order so as to avoid being deposed. Along with his motion, he submitted a letter from his physician stating that Franchi had recently suffered two ■bouts of pneumonia, had chronic pulmonary difficulties, had decreasing mental capabilities, and was “not a good candidate for rigorous testimony or deposition.” On March 10, 1994, the trial court entered an order requiring that Franchi’s deposition be taken within 20 days in Ft. Myers, rather than Miami. The appellees never scheduled this deposition, and it was never taken.
The appellees later discovered that Fran-chi had in fact testified at two separate trials which took place in Ft. Myers in March of 1994. Franchi was a plaihtiff in one of these eases, and a defendant in the other. He first testified on March 8th, and again on March 16th and 17th.
The appellees thereafter moved for sanctions against Franchi, claiming that he had sought the protective order in bad faith. In support of their motion they submitted the transcripts of Franchi’s trial testimony given in Ft. Myers. The appellees’ motion was heard at a non-evidentiary, motion calendar *162 hearing. The trial court later éntered an order finding that “Franchi deliberately deceived this Court into believing that he was too ill to testify or travel to Dade County where he would have been required to appear.” As a sanction, the trial court ordered that Franchi’s pleadings be stricken, and that a default be entered against him and in favor of the appellees. The trial court eventually rendered a final judgment of $82,444.02, plus interest, and Franchi now appeals.
In Mercer v. Raine, 443 So.2d 944 (Fla.1983), the Florida Supreme Court held that
the striking of pleadings or entering a default for noncompliance "with an order compelling discovery is the most severe of all sanctions which should be employed only in extreme circumstances. A deliberate and contumacious disregard of the court’s authority will justify application of this severest of sanctions, as will bad faith, willful disregard or gross indifference to an order of the court, or conduct which evinces deliberate callousness.
443 So.2d at 946 (citations omitted). Before this ultimate sanction can be entered, however, a party must be given notice and an opportunity to be heard. Wildwood Properties, Inc. v. Archer of Vero Beach, Inc., 621 So.2d 691, 692 (Fla. 4th DCA 1993); Neder v. Greyhound Fin. Corp., 592 So.2d 1218, 1218 (Fla. 1st DCA 1992); Austin v. Papal, 464 So.2d 1338, 1339 (Fla. 2d DCA 1985); Kuechenberg v. Creative Interiors, Inc., 424 So.2d 145, 146 (Fla. 4th DCA 1982); Owens-Illinois, Inc. v. Lewis, 260 So.2d 221, 226 (Fla. 1st DCA 1972). This opportunity to be heard must include the opportunity to present evidence of extenuating and/or mitigating circumstances, which might explain the failure to comply with the court’s discovery order or the opposing party’s discovery request. Roy v. Gordon, 541 So.2d 735, 736 (Fla. 1st DCA 1989); Sizemore v. Ray Gunter Trucking, 524 So.2d 717, 719 (Fla. 1st DCA 1988); Belflower v. Cushman & Wakefield of Fla., Inc., 510 So.2d 1130, 1131 (Fla. 2d DCA 1987); Lazare v. Weiss, 437 So.2d 211, 212 (Fla. 3d DCA 1983); Sunstream Jet Ctr., Inc. v. Lisa Leasing Corp., 423 So.2d 1005, 1007 (Fla. 4th DCA 1982); see also Beck’s Transfer, Inc. v. Peairs, 532 So.2d 1136, 1137-38 (Fla. 4th DCA 1988) (a default as a sanction was reversed where “[t]he trial court had no evidence from either side concerning the compliance or lack thereof with the court’s previous order.”).
In this case, Franchi was not given an evidentiary hearing at which he could present evidence to explain his actions. While Franchi’s motion for protective order may have been deceptive, it may also have been entirely forthright, and only made to appear deceptive due to the surrounding circumstances. For instance, Franchi may indeed have been in very poor health when he testified in Ft. Myers, which is near his home, and may have only been able to do so under close medical supervision, and at great personal risk. Consequently, the trial court erred in finding that Franchi “deliberately deceived” the court without first affording him an opportunity to explain himself and present corroborating, mitigating, or extenuating evidence.
Accordingly, we reverse the final judgment entered in this case, as well as the order striking Franchi’s pleadings and entering a default.
Reversed and remanded for further proceedings consistent herewith.
GODERICH, J., concurs.