POLEN, Judge.
This appeal arises out of a summary judgment relating to a dispute over the proper amount of setoff Lakeside Regent, Inc. was entitled to apply to a judgment entered in favor of the Federal Deposit Insurance Company (“FDIC”) as receiver for First American Bank and Trust (“First American”) in a mortgage foreclosure deficiency action.
It is well-settled law that the party moving for summary judgment must demonstrate that there is no genuine issue as to any material fact. Wells v. Wilkerson, 391 So.2d 266 (Fla. 4th DCA 1980). Here, because of the trial court’s granting of the FDIC’s protective order, appellants contend that they were denied discovery necessary to support their defenses. We agree and reverse.
The material and undisputed facts are these: Initially, Lakeside Regent commenced this litigation by filing suit against First *369 American on various claims arising out of a note, guaranty, and mortgage security agreement executed in favor of First American. After First American was declared insolvent and the FDIC was appointed as receiver, it counterclaimed to recover amounts due on the note and for foreclosure. Pursuant to the judgments against them, Lakeside Regent, Inc., Carl A. Sax, and Lanny Horwitz were found to be liable to the FDIC in the amount of $6,694,017 in principal and interest, as well as post-judgment interest.[1] The judgments included a provision indicating that Lakeside was entitled to a right of setoff based on the sale of the property at the foreclosure sale.
Subsequently, a foreclosure sale was held on June 7,1993, and resulted in the purchase of the property by the City of West Palm Beach for $1,000. Thereafter, the FDIC noticed for a non-jury trial the issue of the amount of the deficiency judgment. The FDIC also filed a Motion for Summary Judgment, contending that there were no factual issues and that the plaintiffs were only entitled to a $1,000 setoff, representing the amount paid by the City of West Palm Beach.
Among the disputed issues at the summary judgment hearing were the appraised value of the property, the amount of outstanding taxes; and the cost of asbestos removal which, allegedly, had been previously done. In addition, in disputing the amount paid at the foreclosure sale, Lakeside also questioned the propriety of negotiations which the FDIC had conducted with the City of West Palm Beach in the condemnation action brought by the City regarding the disposition of the property. In order to resolve these factual issues in dispute, Lakeside Regent had, prior to the summary judgment hearing, sought discovery regarding, inter alia, the terms and conditions of the foreclosure sale, tax arrearages, asbestos removal, and the FDIC’s meetings with the City of West Palm Beach. The FDIC moved for, and received, a protective order preventing this discovery as not being relevant to the sole remaining issue of setoff.
At the hearing on the FDIC’s subsequent Motion for Summary Judgment, the trial court agreed with the FDIC that, since the affidavits submitted by the plaintiffs were not formal appraisals, they were insufficient to create an issue of fact. As a result, the trial court held that summary judgment was appropriate. We disagree.
We hold that this erroneous premise forms the basis for the trial court’s error. In granting FDIC’s Motion for Protective Order, the court appears to have done so based on its erroneous belief that the only valid evidence that could be presented by the defendants to oppose a deficiency judgment was a formal appraisal of the property by a qualified expert. However, this premise is inconsistent with established Florida law governing the factors which a trial court has a duty to consider in evaluating whether a deficiency judgment should be entered in a foreclosure action. See R.K. Cooper Constr. Co. v. Fulton, 216 So.2d 11, 12 (Fla.1968), in which the Florida Supreme Court stated:
A shockingly inadequate sale price in the foreclosure proceeding can be asserted as an equitable defense and the trial judge has the discretion and duty to inquire into the reasonable and fair market value of the property sold, the adequacy of the sale price, and the relationship, if any, between the foreclosing mortgagee and the purchaser at the sale, before entering a judgment on the note.
We agree with appellants that, as in Merrill v. Nuzum, 471 So.2d 128, 129 (Fla. 3d DCA 1985), the debtor here ought not to be deprived of the opportunity to make a showing of additional factors justifying his right to challenge the deficiency judgment. In Merrill, where the court reversed the deficiency judgment because the debtor was deprived of the opportunity to make such a showing, the court held:
The appellant was entitled to challenge the appellee’s contention that the subsequent sale represented fair market value at the time of the foreclosure by showing, inter *370 alia, that the subsequent sale was not an arm’s length transaction or that, even if it were, events between the time of the foreclosure sale and the subsequent sale substantially altered the value of the property.
Even under a strict relevancy standard, the information sought by the plaintiffs in this case was discoverable. They sought documents relating to the asbestos removal, the real estate tax assessments, correspondence with the City of West Palm Beach, and other matters relating to the foreclosure sale. Those were matters directly relevant to the issues before the court and, therefore, clearly within the proper scope of discovery. We reverse as to this issue.
Appellant’s second point also has merit. Even focusing solely on the issue of valuation, the plaintiffs here did present sufficient material to create a genuine issue of fact. In the instant ease, the property was sold at the foreclosure sale for $1,000, which represented less than .07% of its assessed value. The two reasons for the FDIC’s assertion that the property had a negative value were the tax arrearages and the cost of asbestos removal and demolition. The plaintiff’s affidavits created a genuine issue of fact as to those charges. “The trial court has the duty and discretion to inquire into the fair market value of the property, the adequacy of the sale price, and the relationship, if any, between the foreclosing mortgagee and the purchaser at the foreclosure sale.” Barnard v. First Nat’l Bank of Okaloosa County, 482 So.2d 534, 536 (Fla. 1st DCA 1986).
Thus, we hold that the trial court’s first error, denying appellants access to necessary, properly discoverable material, has created the situation whereby we are now duty bound to conclude that the appellants have raised sufficient material issues of fact to preclude summary judgment. Thus, we reverse and remand to the trial court for further proceedings including permitting Lakeside Regent to obtain the discovery requested from the FDIC.
WARNER and STEVENSON, JJ., concur.

. The final judgment on the promissory note sued upon was entered against Lakeside Regent, Inc. Final judgment on the guaranty was entered against Carl A. Sax and Lanny Horwitz jointly and severally. On July 15, 1994, Lanny Horwitz filed a voluntary petition for bankruptcy, as a result of which this appeal as to Lanny Horwitz was stayed.