424 So.2d 145 (1982)
Robert J. KUECHENBERG and Interior Arts, Inc., Appellants,
v.
CREATIVE INTERIORS, INC., an Indiana Corporation, Appellee.
No. 82-443.
District Court of Appeal of Florida, Fourth District.
December 29, 1982.
Rehearing Denied January 25, 1983.
*146 William F. Zamer of William F. Zamer, P.A., Fort Lauderdale and J. Bruce Hoffmann of Spencer, Hass-Perlman, Hoffmann & Bloom, Coral Gables, for appellants.
John B. DiChiara of Di Giulian, Spellacy & DiChiara, Fort Lauderdale, for appellee.
DELL, Judge.
Kuechenberg and Interior Arts appeal an order striking their pleadings and entering a default judgment in favor of Creative Interiors as a discovery sanction.
Appellee brought an action seeking an accounting from the appellants and a money judgment for any amounts found due appellee under a retail distributor's agreement for artwork and related products. Appellants retained counsel and answered the complaint. On June 11, 1981, appellee served on appellants' counsel a notice of request to produce certain books and records. Receiving neither the requested documents nor objections to their production, appellee moved for an order compelling production. The trial court granted appellee's motion to compel on October 15, 1981, and ordered appellants to produce the requested documents within twenty days. This time passed without any production. On December 28, 1981, appellee requested sanctions for appellants' continued failure to produce the requested documents but failed to schedule the motion for hearing. On February 18, 1982, appellee's counsel wrote the trial judge and asked that the court impose the sanctions requested in his December 28, 1981 motion. On February 19, 1982, without notice and without a hearing, the trial court granted the motion for sanctions and entered a default judgment in favor of the appellee.
Two weeks later, appellants moved to set aside the default judgment and argued that the failure to produce was a result of both excusable neglect and counsel's prolonged illness rather than a deliberate disregard of the court's authority. The trial court refused to set aside the default judgment and this appeal followed.
Appellants contend that the trial court erred by striking their pleadings and entering a default judgment without notice and a hearing to determine if the conduct of appellants or their counsel warranted such an extreme sanction.
An order compelling discovery is not self-executing even though the order sets out specific sanctions for the failure to obey the discovery order. The party to be sanctioned must first be given notice and an opportunity to be heard and offer mitigating or extenuating evidence. Owens-Illinois, Inc. v. Lewis, 260 So.2d 221, 226 (Fla. 1st DCA 1972). The trial court erred by not affording appellants an opportunity to explain their failure to make discovery even after being ordered to do so. An evidentiary hearing held after remand will correct this error.
Accordingly, we reverse and remand for an evidentiary hearing to determine whether appellants' failure to obey the order compelling discovery rose to the level of disobedience which would justify the most severe sanction of striking pleadings and entering *147 a default judgment or some lesser sanction set out in Florida Rule of Civil Procedure 1.380(b).
REVERSED and REMANDED.
HURLEY and WALDEN, JJ., concur.