DELL, Judge.
In a mortgage foreclosure action, Marianne Holm appeals the dismissal of her third-party complaint against appellee, Sun Bank/Broward, N.A.
Appellant executed a note and mortgage in favor of appellee. After the note was past due, appellee assigned the mortgage to Suburban Realties, Limited, without recourse. Suburban Realties filed a complaint to foreclose the mortgage against appellant. Appellant filed her answer and a third-party complaint, charging that ap-pellee had fraudulently induced her to execute the mortgage by misrepresenting that the mortgage was a mere technicality which would not place her property in any risk of loss through foreclosure. Appellee moved to dismiss the third-party complaint and argued that, even if appellant had a cause of action for misrepresentation, because of the assignment of the mortgage the cause of action now ran only against Suburban Realties. The trial court granted the motion to dismiss and this appeal followed.
We agree with appellant’s contention that appellee’s assignment of the mortgage may not be used as a shield to insulate appellee from liability for its own tortious conduct. We find no merit in appellee’s argument that its assignment of the note and mortgage transferred liability for any such misrepresentations to the assignee, Suburban Realties.
The trial court, in passing on a motion to dismiss, must assume that all facts alleged in the complaint are true, Hammonds v. Buckeye Cellulose Corporation, 285 So.2d 7, 11 (Fla.1973), and must decide the motion to dismiss only on questions of law, Kest v. Nathanson, 216 So.2d 233 (Fla. 4th DCA 1968). Appellant alleged sufficient ultimate facts to state a cause of action for fraudulent misrepresentation.
Accordingly, we reverse the order dismissing the third-party complaint and remand to the trial court for further proceedings consistent with this opinion.
REVERSED and REMANDED.
LETTS, C.J., and HERSEY, J., concur.