437 So.2d 211 (1983)
Francois LAZARE, Appellant,
v.
Jack J. WEISS and Carolyn Weiss, Appellees.
No. 83-308.
District Court of Appeal of Florida, Third District.
September 13, 1983.
*212 Kenneth J. Duckworth, Miami, for appellant.
Alan J. Kluger, Miami, for appellees.
Before SCHWARTZ, C.J., and DANIEL S. PEARSON and JORGENSON, JJ.
PER CURIAM.
The extreme sanction of striking a defendant's answer and entering a default against him, to be imposed only in instances of the most egregious and willful misconduct, see Luca v. Largo Diversified, Inc., 396 So.2d 1228 (Fla. 2d DCA 1981); Zayres Department Stores v. Fingerhut, 383 So.2d 262 (Fla. 3d DCA 1980); Owens-Illinois, Inc. v. Lewis, 260 So.2d 221 (Fla. 1st DCA 1972), could not be imposed, as it was below, without first having afforded the defendant an opportunity to be heard on the issue of whether his failure to appear at his scheduled depositions was willful. See Kuechenberg v. Creative Interiors, Inc., 424 So.2d 145 (Fla. 4th DCA 1982); Holm v. Sun-Bank/Broward, N.A., 423 So.2d 1007 (Fla. 4th DCA 1982); Owens-Illinois, Inc. v. Lewis, 260 So.2d 221. Accordingly, the judgment under review is reversed and the cause remanded for the purpose of conducting an evidentiary hearing on this issue after notice to Lazare. Should the trial court thereafter find that Lazare's failure to submit to deposition was willful, it is authorized to reinstate its order striking the answer and entering default and reinstate the judgment entered.
Reversed and remanded with directions.