716 So.2d 876 (1998)
J. Fernando BANDERAS, Appellant,
v.
ADVANCE PETROLEUM, INC., a Florida corporation, Appellee.
No. 97-1538.
District Court of Appeal of Florida, Third District.
September 9, 1998.
Lionel Barnet, Miami, for appellant.
Haber, Lewis & Pathman and David B. Haber and Roger A. Slade, Miami, for appellee.
Before SCHWARTZ, C.J., and LEVY and FLETCHER, JJ.

ON MOTION FOR REHEARING and ORDER TO SHOW CAUSE
PER CURIAM.
Appellant has filed a Motion for Rehearing in this cause pursuant to Florida Rules of Appellate Procedure 9.330, notwithstanding this Court's per curiam affirmance without opinion. Because we continue to view appellant's position as one totally devoid of merit, especially when one considers the legal positions that appellant took below, as well as the timing of the taking of those positions, we deny the motion.
It appears that counsel for the appellant is using the Motion for Rehearing solely as a tool to express his personal displeasure with this Court's conclusion. That is a flagrant violation of Rule 9.330(a).
The Motion for Rehearing filed by counsel for the appellant, which is reproduced in its entirety herein, reads as follows:

*877 The Appellant, J. FERNANDO BANDERAS, seeks a rehearing and rehearing En Banc of the Court's opinion filed on December 10, 1997, and says:
1. The Per Curiam Affirmed opinion is a travesty of justice! The entire argument of the Appellant was based on long-established legal precedents, including decisions of this Court, which have held repeatedly that it is error for a court to enter a Final Default Judgment or an Order Striking Pleadings, without first holding an evidentiary hearing. NO SUCH HEARING WAS EVER HELD BY THE COURT BELOW, yet an Order Striking Pleadings had been entered and thereafter, a Final Default Judgment was entered.
2. In spite of the foregoing, the Chief Judge, during oral argument, said to Appellant's counsel, "That is not the issue".

3. If that is not the issue, then what is the `issue?'
4. For this Court to simply ignore all the legal precedents is atrocious. Whatever happened to Justice and Fairness? We come before this Court for rulings which are based on the well-established law. We do not come to hear Nothing, which is precisely what a Per Curiam Affirmed opinion tells us. NOTHING! What a "cop-out". But I suppose, when you don't have a good reason for doing something, then you do nothing and don't even have to explain it.
5. Whatever could possibly have been the basis for all those other case holdings that we so revere-Lazare v. Weiss, 437 So.2d 211, Franchi v. Shapiro, 650 So.2d 161, Kuechenberg v. Creative Interiors, Inc., 424 So.2d 145, Sunstream Jet Center, Inc. v. Lisa Leasing Corporation, 423 So.2d 1005, Clay v. City of Margate, 546 So.2d 434. It has to be at the least a teeny bit embarrassing to stare at those citations and then quickly look away, and say "That's not the issue", PCA.
6. From the Opinion rendered in this case, it would appear to be an exercise in futility to even try and get a fair hearing before this tribunal, and I suppose the reality is that people have to suffer, as a result. However, if there is one courageous Jurist out there who would take a moment to look again at this case, perhaps my faith in the system would be restored, even though I realize that my faith `is not the issue'.
Respectfully, Appellant urges the Court to rehear this appeal and order that the lower court's Judgment be reversed.
I DO HEREBY CERTIFY that a true copy of the foregoing was served upon Haber Lewis & Pathman, LLP, at One Biscayne Tower, Suite 3250, Miami, Florida 33131, by U.S. Mail, this 19th day of December, 1997.
Law Office of LIONEL BARNET, P.A.
Attorney for Appellant
9100 S. Dadeland Blvd.# 404
Miami, Florida 33156
(305)670-7887
By (original signed by Lionel Barnet) 
 LIONEL BARNET, ESQ.
 Florida Bar# 122317
(All emphasis as in the original).
Because of counsel for the appellant's flagrant abuse of the Rules of Appellate Procedure and, because we find the said Motion for Rehearing to be both frivolous and insulting, we order, pursuant to Rule 9.410, said counsel, Lionel Barnet, to show cause in writing, within Twenty (20) days of the date we issue this opinion, why monetary and/or other sanctions should not be imposed upon him by this Court.
Furthermore, pursuant to the mandatory language contained in 5-H Corp. v. Padovano, 708 So.2d 244 (Fla.1997), we are directing *878 that the Clerk of this Court provide a copy of this opinion to the Florida Bar.