862 So.2d 729 (2003)
Aracelis AMADOR, Appellant,
v.
Meche WALKER, Freddie Walker, et al., Appellees.
No. 5D02-2454.
District Court of Appeal of Florida, Fifth District.
September 9, 2003.
Opinion Denying Rehearing December 5, 2003.
*730 Brian D. Stokes, of Unger, Acree, Weinstein, Etc., Orlando, for Appellant, Aracelis Amador.
Richard A. Sherman, of Law Office of Richard A. Sherman, P.A., Fort Lauderdale, and Regina Henderson, of Pine & Bergier, Orlando, for Appellees Meche Walker, Freddie Walker, d/b/a Meche Walker Olympic Hair Designer and Ramon Walker.
PER CURIAM.
AFFIRMED. See White v. Steak and Ale of Florida, Inc., 816 So.2d 546 (Fla. 2002).
PETERSON, PALMER and TORPY, JJ., concur.

ON MOTION FOR REHEARING, CERTIFICATION AND FOR WRITTEN OPINION
TORPY, J.
We deny Appellant's motions for rehearing, certification, and for written opinion.[1] However, we only write to explain our reasoning for issuance of a show cause order directed to Appellant's attorney.
The sole issue on appeal is whether the trial court erred in denying Appellant's request for attorney's fees. Appellant, who was plaintiff below, (hereinafter referred to as "Plaintiff") sought fees pursuant to a Demand for Judgment served by her before trial. The trial court determined that she did not meet the statutory threshold and denied fees. We affirmed per curiam, with a citation to White v. Steak and Ale of Florida, Inc., 816 So.2d 546 (Fla.2002). Amador v. Walker, No. 5D02-2454 (Fla. 5th DCA December 5, 2003) Plaintiff timely filed the pending motions.
Plaintiff brought an action against Appellees (hereinafter "Defendants") for injuries sustained by her from a chemical process performed at Defendants' hair salon. Prior to trial, Plaintiff served a Demand for Judgment upon Defendants in the amount of $8,093.00 for damages and $496.99 for taxable costs, for a total of $8,589.99. The demand was not accepted and the case proceeded to trial. The jury returned a verdict for Plaintiff in the amount of $7,150.00, but determined that *731 Plaintiff had been comparatively negligent by five percent (5%), for a resulting net verdict in favor of Plaintiff in the amount of $6,792.50.
Thereafter, the court entered judgment for Plaintiff that included the net jury verdict, plus taxable costs of $3,977.55 (a figure representing the combination of Plaintiff's pre- and post-demand costs), for a total judgment in the amount of $10,770.05. Because the total judgment amount exceeded the total demand amount by twenty-five percent (25%) or more, Plaintiff sought attorney's fees pursuant to section 768.79, Florida Statutes (2002).[2] The trial judge denied the fee request, however, concluding that Plaintiff's post-demand costs should not be included in the "judgment obtained" for purposes of determining whether Plaintiff met the threshold. Without inclusion of these post-demand costs, Plaintiff did not meet the threshold.
The issue in this case is clearly controlled by the supreme court's decision in White, wherein the court held:
In summary, we conclude that the "judgment obtained" pursuant to section 768.79 includes the net judgment for damages and any attorneys' fees and taxable costs that could have been included in a final judgment if such final judgment was entered on the date of the offer. Thus, in calculating the "judgment obtained" for purposes of determining whether the party who made the offer is entitled to attorneys' fees, the court must determine the total net judgment, which includes the plaintiff's taxable costs up to the date of the offer and, where applicable, the plaintiff's attorneys' fees up to the date of the offer.
White, 816 So.2d at 551. (emphasis supplied).
Incredibly, despite this very clear language from White, Plaintiff, in her Motion for Rehearing, states that "[t]he lesson and holding of White is that all taxable costs, pre-offer and post-offer, are to be included in determining the `judgment obtained.'" To view White's holding differently, as we have, "contort[s] the Supreme Court's [sic] holding," Plaintiff argues. Apparently espousing an alternative and seemingly inconsistent position, however, Plaintiff acknowledges that the "literal language" from White supports the trial court's determination, but she urges that we should distinguish White because, in White, the court was addressing an offer of judgment served by a defendant on a plaintiff, instead of a demand sent by a plaintiff to a defendant, as is the case here. We fail to see how this factual distinction makes any difference.
In our view, the "literal" application of White not only comports with our obligation to follow precedent from our high court, but also leads to a fair result that is consistent with the legislative intent behind the Demand for Judgment statute. § 768.79, Fla. Stat. (2002). What White requires is an "apples to apples" comparison between the proposal and the ultimate result to determine whether the proposal was bettered. Here, clearly, Plaintiff ended up worse off than her proposal. Although the judgment was higher, her net recovery was lower. Had Defendants accepted the demand, they would have been required to pay Plaintiff more money than she was legally entitled to receive, as ultimately determined by the jury's verdict. To impose the "penalty" of attorney's fees *732 in this circumstance would be patently unfair. Moreover, a plaintiff whose demand is not accepted would have an incentive to incur increased post-demand costs because such costs would improve his or her chances of obtaining a fee award. An interpretation of the statute that would allow a plaintiff to obtain attorney's fees simply by intentionally incurring post-demand costs is inconsistent with the statute's purposes of decreasing litigation expenses and expediting resolutions.
Plaintiff also contends that this court overlooked the plain language of section 768.79, Florida Statutes. We didn't, and we made that crystal clear during oral argument. What Plaintiff still fails to recognize is that White, through judicial interpretation, set forth a definition of "judgment obtained" that modifies the literal language of the statute. When the supreme court construes a statute, we are bound by its construction.
Plaintiff complains in her Motion for Rehearing that our decision "makes no sense" because it would "require a plaintiff, in order to be entitled to a recovery of attorneys [sic] fees under the statute, to make serial and repetitive proposals in which the amount of damages remains constant so that the pre-offer taxable costs can be increased and, in turn, included in the calculation of the `net judgment obtained.' "We must admit that the logic in this argument eludes us. Repetitive offers that modify the pre-demand cost component only, without altering the damages component, would operate to the detriment of the Plaintiff because, for each one dollar ($1.00) of increase in the demand, the threshold requirement would increase by one dollar and twenty-five cents ($1.25). If the demand for damages "remains constant," repetitive proposals, as Plaintiff suggests, would not be "required;" indeed, they would be useless.[3]
Plaintiff also asserts that our decision conflicts with our sister court's decision in Perez v. Circuit City Stores, Inc., 721 So.2d 409 (Fla. 3d DCA 1998), which, Plaintiff emphasizes, the supreme court approved in White. In her brief and Motion for Rehearing, Plaintiff cites Perez for the proposition that "all" of plaintiff's costs, regardless of when incurred, must be included in the "judgment obtained" for purposes of determining if the threshold is met. (Emphasis contained in Plaintiff's brief and Motion for Rehearing). This argument is especially troubling because Plaintiff unabashedly misrepresents the holding in Perez, which holds as follows:
We, therefore, interpret the statutory term "the net judgment entered" to include a prevailing plaintiff's pre-demand costs. Because all of the plaintiff's costs were incurred before he made his demand in this case, all of his costs are properly added to the verdict and prejudgment interest in determining the "judgment obtained."
Perez, 721 So.2d at 412. (emphasis supplied).
From this quoted language in Perez, which Plaintiff failed to point out in her *733 rehearing motion or briefs on appeal, despite liberal quotation to select other parts of the opinion, one can plainly see that Perez is wholly consistent with our decision. Moreover, Plaintiff, herself, points out that the holding in Perez was approved in White. It is hard to see, therefore, how Plaintiff's counsel, in good faith, can argue that White's holding should be distinguished because Perez, like the instant case, was a case involving a plaintiff's demand.
As a final point, we wish to address the procedural propriety of the various motions filed by Plaintiff. The Motion for Rehearing simply re-argues the merits of the court's opinion, in violation of Rule 9.330(a), Florida Rules of Appellate Procedure. See Lawyers Title Insurance Corp. v. Reitzes, 631 So.2d 1100 (Fla. 4th DCA 1993). This was a simple appeal involving a straight-forward fact-pattern and one legal issue. Both sides agreed that White was controlling. A spirited oral argument was held during which all of these issues were argued. When we issued a per curiam affirmance, citing White, it should have been obvious that we agreed with Defendants' interpretation of White, yet Plaintiff's counsel filed a fourteen-page Motion for Rehearing that presents absolutely nothing new. In fact, save for the inclusion of some new verbs like overlook, contort and misapprehend and phrases expressing displeasure with our ruling,[4] the Motion simply repeats, in large part verbatim, Plaintiff's briefs, as if to suggest to the court that we did not read the briefs the first time.
Although much has been written to discourage the use of rehearing motions in this manner, apparently the written word is not penetrating enough to get the point across. See Snell v. State, 522 So.2d 407 (Fla. 5th DCA 1988) (absent a written opinion, motion for rehearing cannot direct court to matters overlooked; re-argument improper); Banderas v. Advance Petroleum, Inc., 716 So.2d 876 (Fla. 3d DCA 1998) (motion should not be used to express displeasure with court; re-argument improper); Goter v. Brown, 682 So.2d 155, 158 (Fla. 4th DCA 1996) (motions for rehearing should merely direct court to matters overlooked, without argument or further advocacy); Elliott v. Elliott, 648 So.2d 135 (Fla. 4th DCA 1994) (rehearing motion should not re-argue matters, request court to change mind or ventilate displeasure with court's conclusion); Whipple v. State, 431 So.2d 1011 (Fla. 2d DCA 1983) (motion should not re-argue matters already argued). We deem Plaintiff's motion to be a blatant violation of these much repeated tenets of appellate advocacy.
Plaintiff's Motion for Written Opinion also violates Rule 9.330(a) because it fails to contain counsel's certification setting forth the specific reasons "why the supreme court would be likely to grant review if an opinion were written."
Finally, given that the supreme court has clearly addressed this issue and in so doing indicated its approval of Perez, the request for certification is meritless and denied.
Based upon the numerous violations of the rules by counsel for Plaintiff, Brian Stokes, Esquire, shall in writing within 20 days from the date of this opinion, show cause why monetary or other sanctions *734 should not be imposed for having filed Motions for Rehearing and for Written Opinion in violation of Rule 9.330(a), Florida Rules of Appellate Procedure, and for having misrepresented decisional authority in the Motion signed by him. See Elliott, 648 So.2d at 136 (show cause order issued for improper Motion for Rehearing); Banderas, 716 So.2d at 877 (show cause order issued for improper Motion for Rehearing). The court reserves jurisdiction to impose such sanctions and to order further response, including personal appearance of Plaintiff's counsel, should the written response not be deemed sufficient.
Furthermore, pursuant to the mandatory language contained in 5-H Corp. v. Padovano, 708 So.2d 244 (Fla.1997), we are directing the Clerk of this Court to provide a copy of this opinion to the Florida Bar. See Banderas, 716 So.2d at 877-878.
MOTIONS DENIED; SHOW CAUSE ORDER ENTERED.
PETERSON and PALMER, JJ., concur.
NOTES
[1] Plaintiff also sought rehearing en banc, which will be addressed by separate order.
[2] That statutory provision entitles a plaintiff to recover attorney's fees when the plaintiff's demand for judgment is rejected by the defendant and the plaintiff thereafter obtains a judgment at least twenty-five percent (25%) greater than the demand.
[3] The uselessness is demonstrated by the following examples:

 PRE-DEMAND THRESHOLD
DAMAGES COSTS TOTAL DEMAND NEEDED
* $8,093 $ 496.99 $ 8,589.99 $10,737.49
 $8,093 $ 996.99 $ 9,089.99 $11,362.49
 $8,093 $1,496.99 $ 9,589.99 $11,987.49
 $8,093 $2,496.99 $10,589.99 $13,237.49
* Denotes Original Offer.

[4] The Motion states that the court's decision "destroyed the effectiveness" of the proposal statute and "contort[s] the [White] holding." Plaintiff complains that our decision "fail[s] to cite ... any legal authority" that supports our conclusion, and that our decision is "completely unworkable." Plaintiff further complains that the court's decision is "patently unfair" and "makes no sense."