ON MOTION FOR SANCTIONS
 

 TORPY, J.
 

 Appellees, Ralph Porto and Brian Burns, move for sanctions based upon an improper motion for rehearing directed to our per curiam, without opinion, disposition of this appeal.
 

 This appeal challenged the dismissal of one count of a multi-count complaint. Suffice it to say that we determined that the trial court correctly dismissed the count, and that Appellant, Craig Tennant, had been offered ample opportunity to correct the defective pleading through several amendments. Although the facts of the case were somewhat novel, the issues of law were not. Our decision to dispose of the case without opinion was the product of our considered determination that no
 
 *265
 
 new or novel point of law was involved and that no further review would be available even if we were to write an opinion. In response to our decision, Appellant, through his counsel, filed his MOTION FOR REHEARING OR CERTIFICATION TO THE SUPREME COURT. The first two paragraphs in the motion state as follows:
 

 1. Oh.
 

 2. Please forgive in advance if, through the words of this Motion you can hear the author screaming, but I cannot overcome my indignation engendered by this Honorable Court’s per curiam affir-mance of the lower court’s order. I understand that Motions for Rehearing are seldom granted by appellate courts, and for good reason. However, I must believe that if I correctly state the facts of this case, the court will retract its opinion and reconsider the issue. I assume that I failed in my obligation in the initial briefs.
 

 Thereupon, counsel set forth what he labeled as facts. The statement of facts contained not a single record reference and many of the facts are unsupported by the record. For example, the opening sentence of the statement of “facts” says that Appellees are “both proven con artists ...,” yet the record bears no such proof. Nor does a scandalous description such as this have any place in a pleading of this nature.
 

 Appellant’s counsel goes on:
 

 6. In short, [Appellees] ran a con, using the (now, surprisingly, defunct) clinic as a shell. And now the Court seems to be saying this is OK in the Fifth District. If so, I have lived too long. (I am sorry — I am screaming again.)
 

 In response, Appellees addressed the impropriety of Appellant’s motion in considerable detail and sought sanctions. Rather than withdraw the frivolous and non-compliant motion, Appellant pressed on, albeit with a somewhat more conciliatory tone. Appellant nevertheless delivered a “tit for tat” by demanding that Appel-lees’ counsel be caused to appear before the court to “explain in detail” his assertion that Appellant’s statement of facts was improper.
 

 We have repeatedly admonished the bar regarding the impropriety of motions such as this.
 
 See Amador v. Walker,
 
 862 So.2d 729 (Fla. 5th DCA 2003), and cases cited therein. Motions for rehearing are not to be used for the purpose of venting counsel’s frustrations with the form or substance of the court’s decision.
 
 Id.
 
 They are rarely, if ever, warranted when the decision is without opinion.
 
 See Snell v. State,
 
 522 So.2d 407 (Fla. 5th DCA 1988) (absent a written opinion, motion for rehearing cannot direct court to matters overlooked).
 

 In this motion, not only does counsel violate this admonition, he does so unabashedly — by admitting that it was his primary purpose in filing the motion. The motion itself completely fails to satisfy any of the requisites of a proper motion of this nature or of any other pleading filed by a professional lawyer for that matter. It fails to tell us what “fact” we overlooked. It contains assertions that have no support in the record, are scandalous and are legally irrelevant. The only “facts” that are relevant to an appeal from the dismissal of a complaint for failure to state a cause of action are those spelled out in the complaint itself. The motion asserts as a conclusion that our decision conflicts with other precedents but fails to give even a scintilla of analysis as to how our disposition of this case conflicts with any of these precedents. The request for “certification” neither identifies any question to be certified nor attempts to explain how any
 
 *266
 
 issue in the case could be characterized as one involving great public importance. In short, it is naked re-argument at best and an emotional tirade at worst, neither of which have any place in this Court.
 

 Based upon the apparent violations of numerous rules of court and the rules governing the conduct of attorneys, counsel for Appellant, Jerry H. Jeffery, is directed to appear before this Court on February 17, 2011, at 11:30 a.m., to show cause why monetary or other sanctions should not be imposed pursuant to Florida Rule of Appellate Procedure 9.410(a) and (b), and section 57.105, Florida Statutes (2010). The Court reserves jurisdiction for this and other proper purposes.
 

 MOTIONS DENIED; SHOW CAUSE ORDER ENTERED.
 

 ORFINGER and JACOBUS, JJ., concur.