*614 ON MOTION FOR REHEARING EN BANC
TORPY, J.
Appellant seeks rehearing en banc from the panel decision affirming the lower court’s summary denial of her Florida Rule of Criminal Procedure 3.850 motion. In her rule 3.850 motion, Appellant alleged that her guilty plea and resulting probationary sentence were the product of ineffective assistance of counsel. Her appeal was marginal at best, having failed to provide a statement of the facts or any record references to the record on appeal, in violation of the rules of appellate procedure. See Fla. R.App. P. 9.210(b). The argument was vague and completely devoid of merit. We disposed of the appeal without a written opinion.
Now, Appellant seeks rehearing en banc. Instead of directing our attention to particular points of law or fact that we allegedly overlooked, however, the motion simply regurgitates, word-for-word, the nine-page argument section of the initial brief without the slightest variation.[1] As such, it is quintessential re-argument, a practice that we have repeatedly condemned as abusive. See Marion v. Orlando Pain & Med. Rehab., 67 So.3d 264 (Fla. 5th DCA 2011); Amador v. Walker, 862 So.2d 729 (Fla. 5th DCA 2003). Accordingly, we strike the motion for rehearing. Snell v. State, 522 So.2d 407, 408 (Fla. 5th DCA 1988). Furthermore, we direct counsel to appear before the original panel on November 13, 2012, at 8:45 a.m., and show cause why sanctions should not be imposed pursuant to Florida Rule of Appellate Procedure 9.410(a). We reserve jurisdiction for this purpose.
MOTION STRICKEN; SHOW CAUSE ORDER ISSUED.
ORFINGER, C.J., GRIFFIN, SAWAYA, PALMER, LAWSON, EVANDER, COHEN, JACOBUS and BERGER. JJ., concur.

. We remain skeptical that a motion for rehearing is ever proper when the disposition is without a written opinion. See Snell v. State, 522 So.2d 407 (Fla. 5th DCA 1988).