ON APPELLANTS’ MOTION FOR REHEARING AND/OR REHEARING EN BANC
BERGER, J.
We decline the invitation by Appellants’ counsel to reconsider the merits of our decision in this case. We write only to address counsel’s abuse of the rehearing process and to comment on the propriety of filing a motion for rehearing when the court issues a per curiam affirmance without opinion.
The purpose of a motion for rehearing is to direct the court to points of law or fact that, in the opinion of the movant, the court overlooked or misapprehended in its opinion. See Rule 9.330(a), Fla. R. App. P. It is not a vehicle through which “an unhappy litigant or attorney *85 [may] reargue the same points previously presented, or [] discuss the bottomless depth of the displeasure that one might feel toward this judicial body as a result of having unsuccessfully sought appellate relief.” Ayala v. Gonzalez, 984 So.2d 523, 526 (Fla. 5th DCA 2008). Nevertheless, and despite the countless number of appellate court decisions admonishing members of the bar against such abusive practices, Appellants’ counsel in this case chose to file a 29-page motion, the tone and tenor of which is, at best, disparaging, and at worst, contemptuous, rearguing the same points previously raised in his briefs and discussed at oral argument.[1] As a result, we find ourselves, once again, compelled to comment on conduct that common sense should' dictate is inappropriate.
At the outset, it is important to note that counsel’s Motion was filed , after this Court issued a per curiam affirmance without opinion. Although there may be instances where motions for rehearing are appropriate after the issuance of what is commonly referred to as a PCA, such instances are rare and are most often limited to occasions when a relevant decision of the Supreme Court or another District Court of Appeal is rendered after briefing and oral argument and not considered by the court. See Marion v. Orlando Pain & Med. Rehab., 67 So.3d 264, 265 (Fla. 5th DCA 2011) (noting that motions for rehearing are “rarely, if ever, warranted when the decision is without opinion”); see also State ex rel. Jaytex Realty Co. v. Green, 105 So.2d 817, 818-19 (Fla. 1st DCA 1958) (discussing the sole purpose of a motion for rehearing). However, generally, these motions are considered improper because a motion for rehearing cannot direct the court to matters overlooked if no written opinion has been published. See Snell v. State, 522 So.2d 407 (Fla. 5th DCA 1988) (holding motion for rehearing rear-guing the same points on appeal after issuance of an affirmance without opinion is improper and an abuse of procedure). Such is the case here.
Counsel’s motion does not alert the panel to some fact, precedent, or rule of law that we overlooked when rendering our decision. Rather, in open defiance of rule 9.330, it expresses displeasure with our ruling and, in the process, minces no words in attacking the trial judge, Appellee, opposing counsel, and this panel. Some of the most egregious comments refer to opposing counsel’s arguments as misleading; self-serving, absurd, red-herrings, fabricated, bogus, convoluted, illogical, confusing, and spurious. Counsel accuses Appellee of engaging in a “systematic, ongoing course of conduct *86 with intent to defraud [Appellants] and the courts, in order to obtain legal title to the [Appellants’] property, as well as their money, by false and fraudulent pretenses, representations, and willful misrepresentations of the facts and controlling law.” Claiming Appellants suffered an “outrageous denial of due process” below, counsel accuses the trial judge of being “so obviously confused by [Appellee’s] deliberately misleading legal arguments” that he “obviously did not recognize that he had been misled by his buddy’s trusted lawyers.” Finally, if the comments above were not enough to highlight the tenor of counsel’s motion, he accuses this Court of, inter alia, utilizing the. tipsy coachman doctrine to “do nothing”; failing to properly review the case; being “bamboozled” by the Appellee; being lost in confusion; having a lingering doubt that “ ‘no’ and ‘not for any purpose’ mean ‘no’ and ‘not for any purpose’”; turning a.“blind eye” to fraud in the trial court; failing to read the Complaint; and insulting its own precedent.
Counsel’s conduct cannot be countenanced. As we stated in Amador v. Walker, 862 So.2d 729, 733 (Fla. 6th DCA 2003), “[although much has been written to discourage the use of rehearing motions in this manner, apparently the written word is not penetrating enough to get the point across.”
Accordingly, because of Appellants’ counsel’s flagrant abuse of the Florida Rules of Appellate Procedure, and because we find said motion to be both meritless and insulting, we order, pursuant to Florida Rule of Appellate Procedure 9.410(a), said counsel, Frederic Stanley, Jr., Esquire, to show cause in writing, within 20 days from the date we issue this opinion, why monetary or other sanctions should not be imposed for having filed a Motion for Rehearing in violation of Florida Rule of Appellate Procedure 9.330(a). See Marion, 67 So.3d at 266 (issuing a show cause order for improper motion for rehearing); Ayala, 984 So.2d at 526; Amador, 862 So.2d at 733-34; Banderas v. Advance Petroleum, Inc., 716 So.2d 876, 877-78 (Fla. 3d DCA 1998); Elliott v. Elliott, 648 So.2d 135, 136 (Fla. 4th DCA 1994). We reserve jurisdiction to impose such sanctions and to order further response, including the personal appearance of counsel, should the written response be deemed insufficient.
Furthermore, pursuant to the mandatory language contained in 5-H Corp. v. Padovano, 708 So.2d 244, 246-47 (Fla.1997), we direct the Clerk of this Court to provide a copy of this opinion to The Florida Bar.[2] See Amador, 862 So.2d at 734; Banderas, 716 So.2d at 877-78.
MOTION FOR REHEARING DENIED; MOTION TO AMEND MOTION FOR REHEARING DENIED; AMENDED MOTION FOR REHEARING STRICKEN; ORDER TO SHOW CAUSE ENTERED.
LAWSON, J, and MURPHY, M., Associate Judge, concur.
MOTION FOR REHEARING EN BANC DENIED; MOTION TO AMEND MOTION FOR REHEARING EN BANC DENIED; AMENDED MOTION FOR REHEARING EN BANC STRICKEN.
TORPY, C.J., SAWAYA, PALMER, ORFINGER, LAWSON, EVANDER, COHEN, WALLIS, LAMBERT and EDWARDS, JJ., concur.

. After Appellee filed its Memorandum in Opposition to Appellants' Motion, counsel for Appellants filed a Motion for Leave to File Amended Motion for Rehearing and/or Rehearing En Banc, alleging the original motion was a “draft” and had been filed in error. Specifically, counsel alleged in paragraph 4 of the Motion:
When the undersigned received and reviewed the SAA’s response to the McDon-nells’ motion, he was somewhat perplexed until he reviewed the document that was actually filed on their behalf on November 12, 2014. As a result of that review, the undersigned discovered that he had mistakenly sent the wrong computer file to co-counsel, who, as requested, filed it. As a result, an earlier working draft of the McDonnells’ Motion was filed instead of the proof-read, properly formatted and substantially edited Motion the undersigned intended to file.
A review of the Amended Motion for Rehearing and/or Rehearing En Banc, belies counsel’s assertion. Unlike the original motion, the Amended Motion, which counsel purports to be the originally intended motion, contains numerous typographical and formatting errors. Notably, however, some, but not all, of the disparaging comments have been removed.

. Although Craig B. Willis is named as counsel for Appellant on the initial brief, the show cause order is not directed at Mr. Willis as he did not sign the motion for rehearing.