IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

INTERIM NON-DISPOSITIVE
OPINION.  NO MANDATE WILL BE
ISSUED AT THIS TIME.


JEDAK CORPORATION D/B/A RAZZLE'S,

      Appellant,

 v.                                                                      Case No.  5D16-3777

SEABREEZE OFFICE ASSOCIATES, LLC
AND NEIL HUNTER,

      Appellees.

_____/

Opinion filed May 25, 2018

Appeal from the Circuit Court
for Volusia County,
Dennis Craig,  Judge.

Cynthia B. Beissel, and F. Bradley Hassell,
of Hassell-Legal, P.A., Daytona Beach, for
Appellant.

Thomas A. Valdez, of Quintairos, Prieto,
Wood & Boyer, P.A., Tampa, and Michael
J. Reilly and Gabriel Dobrin, of Law Offices
of James W. Kehoe, Fort Lauderdale, for
Appellee, Seabreeze Office Associates,
LLC.

No Appearance for Other Appellee.

**ON MOTION TO VACATE ORDER, STAY ISSUANCE OF MANDATE,
AND ACCEPT AND CONSIDER APPELLEE'S AMENDED MOTION
FOR REHEARING OR REHEARING EN BANC
AND
APPELLEE'S AMENDED MOTION FOR CLARIFICATION, REHEARING
OR REHEARING EN BANC**

PER CURIAM.

Fourteen days after our opinion issued in this case, Appellee, Seabreeze Office Associates, LLC, filed an "emergency" motion seeking an extension of time within which to file a motion for rehearing and other "post-opinion" motions. The "emergency" motion stated that Appellant could not agree to any extension of time. We assume that Appellee's counsel, Thomas A. Valdez, was unaware that the mere filing of this motion tolled the time for filing of the motions for which he sought an extension. *See* Fla. R. App. P. 9.300(b). We base this assumption on three facts. First, Appellee labeled the motion an "emergency" when in fact no exigency existed given the automatic tolling. Second, on the next business day following the filing of the motion for extension of time, a Monday, Appellee's counsel's staff called our clerk's office expressing a sense of urgency for a decision on the motion. Finally, when counsel did not receive an order by close of business on that Monday, he filed a "Motion for Clarification, Rehearing or Rehearing *En Banc*." That motion was filed two minutes after midnight on the date counsel apparently believed the motions were due, suggesting that counsel worked into the late night to meet what he apparently believed was the actual due date. The motion contained no indication that it was incomplete or that further time was needed to refine the motion.

Absent a meritorious objection from Appellant, the panel would probably have granted Appellee's motion for extension of time for filing a motion for rehearing. However, it is doubtful that any such extension would have included a carte blanche for the filing of unspecified "post-opinion" motions. Nevertheless, because Appellee filed the motion for clarification, rehearing or rehearing *en banc* within the tolling period, we accepted the

2

filing as timely and treated the requested extension as moot. Accordingly, we addressed the merits of the motion. To the extent Appellee sought clarification or rehearing, we denied the motion on the merits.[1] As for the request for rehearing *en banc*, the panel concluded that it was not legally sufficient and struck that portion of the motion.

Pursuant to Florida Rule of Appellate Procedure 9.331(d)(1), there are only two bases for requesting rehearing *en banc*: (1) that the case or issue is of exceptional importance or (2) that rehearing is necessary to maintain uniformity in the court's decisions. If the request is based on the latter, rule 9.331(d)(2) requires the movant to specifically cite the decisions with which the movant believes the panel opinion conflicts. Although Appellee's motion contained a certificate of counsel that the panel opinion was "contrary to the decision(s) of this Court," that certificate did not list the allegedly conflicting decisions, in violation of rule 9.331(d)(2). In the body of the motion, Appellee alleged that our panel opinion "overlooked and misapplied the controlling law as discussed in the previous sections." In fact, neither "controlling law" nor any decision of this Court[2] (much less a purportedly conflicting decision) was cited anywhere within the text of the motion. Instead, Appellee cited a Third District case, which the panel opinion had expressly addressed, and a secondary source, which relied upon a federal case said to be "governed by" a federal statute. Accordingly, the representation that our panel

---

[1] The request for rehearing consisted primarily of prohibited re-argument in violation of established precedents from this Court. *See, e.g.*, *McDonnell v. Sanford Airport Auth.*, 200 So. 3d 83 (Fla. 5th DCA 2015); *Godoy v. State*, 99 So. 3d 613 (Fla. 5th DCA 2012); *Amador v. Walker*, 862 So. 2d 729 (Fla. 5th DCA 2003). Similarly, while the motion expressed disagreement with the opinion, it failed to identify any ambiguity necessitating clarification. *See* Fla. R. App. P. 9.330(a).

[2] Only conflicting opinions of this Court—an *intradistrict* conflict—support the application for *en banc* review. Fla. R. App. P. 9.331(d)(2); *Finney v. State*, 420 So. 2d 639, 641 (Fla. 3d DCA 1982).

3

opinion conflicted with "controlling law" and the certification of counsel that our panel opinion conflicted with other decisions of this Court were false. The very reason rule 9.331(b) requires a "certification" of counsel is to prevent the abuse of this rule by placing the ethical onus on counsel to verify and separately certify compliance.

After our disposition of its motion for clarification, rehearing or rehearing *en banc*, Appellee filed the instant "Motion to Vacate Order, Stay Issuance of Mandate, and Accept and Consider Appellee's Amended Motion for Rehearing or Rehearing *En Banc*." This motion seeks a redo of Appellee's motion for clarification, rehearing or rehearing *en banc* based upon what Appellee labels "extraordinary circumstances." Appellee contends that its first motion for clarification, rehearing or rehearing *en banc* was "hurriedly filed" and that it was "forced to discontinue further work on the motion" due to counsel's apparent perception that this Court had been dilatory in ruling on Appellee's request for extension of time. Accordingly, Appellee now asks this Court to vacate its orders on Appellee's motion for extension of time and motion for clarification, rehearing or rehearing *en banc* and instead rule on its amended motion for clarification, rehearing or rehearing *en banc*, which it filed after this Court denied the first motion for clarification, rehearing or rehearing *en banc*.

Most troubling in the motion is Appellee's irrelevant assertion that the fault for the perceived time crunch lies with "the Clerk"[3] with whom counsel's staff purportedly had a telephone conversation. During this conversation, which ostensibly occurred on Monday, April 30, 2018, the person with whom counsel's staff spoke allegedly informed counsel's

---

[3] It is unclear whether Appellee's reference is to the Clerk of Court or to an unnamed deputy clerk.

assistant that an order on the motion for extension of time "was being circulated and that the Court would rule on the Motion **that day**." (Emphasis added). On its face this allegation is inherently implausible. Motions such as this circulate electronically among three judges. If the motion was indeed "circulating," it would be nearly impossible for any person in the clerk's office to know when a ruling would be forthcoming. Nevertheless, Appellee's assertion triggered an exhaustive internal review in our already overburdened clerk's office. All staff members were queried and, as might be predicted, none recalled speaking with counsel's office on Monday and all denied having informed counsel's office when a ruling would be issued. Regardless of what transpired between someone in the clerk's office and counsel's staff, counsel's perceived need to "hurriedly" complete the motion and "discontinue further work" on the motion for clarification, rehearing or rehearing *en banc* was obviously the product of counsel's lack of familiarity with the tolling provision of rule 9.300(b), rather than information supplied by the clerk's office.[4]

Accordingly, Appellee's motion seeking relief from our prior orders is denied. Further, because Appellee filed an amended motion for clarification, rehearing or rehearing *en banc* in violation of rule 9.330(b) and without leave of court, it is stricken.[5]

---

[4] While Appellee made another troubling assertion concerning a purported statement by an unnamed deputy clerk that occurred after Appellee filed the first motion for clarification, rehearing or rehearing *en banc*, because this purported statement obviously did not induce the filing of that motion, we need not address it.

[5] In substance, the amended motion for clarification, rehearing or rehearing *en banc* is no more informative or relevant than the first one. It is essentially prohibited re-argument. Although Appellee added an additional contention to its application for *en banc* review—that the case is of "exceptional importance"—this bare-bones conclusion is insufficient to invoke review on this ground. A rehearing *en banc* is an "extraordinary proceeding." Fla. R. App. P. 9.331(d)(2). Appellee never challenged the correctness of the precedent from our sister court upon which the panel relied. Its entire argument is predicated on the contention that we misapplied that precedent to the unique facts of this case. The panel opinion merely concludes that Appellee failed to prove that the breach

Counsel for Appellee, Thomas A. Valdez, shall show cause in writing within five days why sanctions should not be imposed pursuant to section 57.105, Florida Statutes, and this Court's inherent authority, for violations of rule 9.331 and for filing the instant motion, which the Court considers frivolous. The Court reserves jurisdiction to require counsel to personally appear before the Court should the written explanation not be satisfactory. Appellant shall file no response unless ordered or unless leave of court is requested and granted.

To clarify and emphasize for the benefit of litigants and counsel, the clerk's office does not give legal advice. The clerk's office does not make predictions about when the Court will render a ruling, the contents of that ruling, or the internal progress or status of a matter that is pending before this Court. Accordingly, litigants and counsel should not request this information from the clerk's office. Rulings of this Court are rendered in writing and, if the exigencies of the ruling dictate, may be immediately published to the litigants and counsel orally but only after a written ruling is rendered.

MOTIONS DENIED; SHOW CAUSE ORDER ENTERED.

COHEN, C.J., PALMER and TORPY, JJ., concur.

---

of the particular provisions of this contract caused damages. The assertion that the panel opinion meets this narrow "exceptional importance" standard is specious.

6